ELIAS BOOTHE AND OTHERS, TERRE TENANTS OF GEORGE BOOTHE, *vs.* CLEMENT DORSEY'S LESSEE, USE OF JEREMIAH ALVEY.—*December* 1840.

The existence and loss of any writing must be proved, before secondary evidence can be let in to establish its contents.

In an action to revive a judgment in ejectment against *terre tenants*, where the records have been destroyed, the existence of the original judgment may be proved, by the production of the docket entries of a *fiat*, or a *scire facias* against previous *terre tenants*, of the defendant in the ejectment.

APPEAL from *Saint Mary's* County Court.

On the 21st May 1835, the appellee sued out a writ of *scire facias*, reciting, that at August term 1812, the lessee of *Clement Dorsey*, by the judgment of the same court, recovered against a certain *George Boothe*, his term, &c., in and unto all that tract of land called *Hopton Park*, which the said *Clement* had demised, &c.; And whereas, also, in the said court on the first Monday of March 1817, it was considered, that the said, &c., lessee as aforesaid, should have his execution against *Jane Boothe terre tenant of George Boothe*, for his possession, &c. The writ then proceeded to recite, that at March term 1825, there was a second *scire facias* against *Jane Boothe terre tenant*, and judgment for execution; that *Jane Boothe* is since deceased, &c. Therefore you and, &c., to give notice to *Elias Boothe* and all and every, the *terre* tenants, &c. returnable to August term 1835. This writ was made known to *Elias, Samuel* and *Stanislaus Boothe*, who appeared, and after oyer pleaded—

1st. *Nul tiel* record of a recovery against the said *George.*

2nd. That the said *George*, or any other person or persons for his use, at the time of the rendition of the said judgment, nor after, were not seized in fee of the said land.

There was then pleaded a replication and issue under the first plea; and demurrer and joinder to the second. The county court maintained the demurrer to the *second* plea; and upon the plea of *nul tiel record*, rendered judgment for the plaintiff, and awarded execution.

At the trial of the issue before the court, the plaintiff read in evidence the record of proceedings of *fi. fa.* and *vend. exp.* in the case of *Davidson vs. George Boothe* garnishee of *Saxton.* The *fi. fa.* was issued 12th March 1808, and recited a judgment of condemnation against said *George Boothe* as, &c. This writ was returned, levied on a tract of land called *Hopton Park,* the property of *George Boothe.* On the 16th March 1809, a *vend. exp.* issued on the *fi. fa.*, which was returned, sold to *Clement Dorsey* at August 1809.

From which it appeard that in 1808, *Clement Dorsey,* lessor of the plaintiff in this case, purchased at sheriff's sale a tract of land called *Hopton Park,* sold as the property of *George Boothe.*

The plaintiff offered in evidence the docket entries of March court 1817, by which it appeared, that a *scire facias* had been issued by the plaintiff against *Jane Boothe,* as *terre tenant of George Boothe,* upon a judgment in ejectment at August term 1812, in which the present plaintiff was plaintiff, and *George Boothe* defendant, upon which *scire facias* a *fiat* was entered and a writ of possession ordered.

The plaintiff further proved by the docket entries of March term 1825, that a *scire facias* had been issued upon the *fiat* entered in March term 1817, by the present plaintiff, against *Jane Boothe,* as *terre tenant* of *George Boothe,* upon which a *fiat* was entered, on which *fiat* the present *sci. fa.* issued. He having first proved, that the records and papers of the judgment of August term 1812, and the papers in the judgments of March term 1817 and 1825, were burnt; they further proved that *Jane Boothe* at the time of the *fiats* entered against her, was in possession of a tract of land called *Hopton Park,* and that the present defendants are now in possession of said land, and were at the time of instituting this suit.

The defendants then proved that there were several tracts of land called *Hopton Park* in *Saint Mary's* county, and objected to the above recited judgment of 1825, of *Clement Dorsey use of Jeremiah Alvy* as *against Jane Boothe, terre tenant of George Boothe,* because the *sci. fa.* in this case, did not correctly re-

cite the judgment of 1817, of *Clement Dorsey* use of *Jeremiah Alvy vs. Jane Boothe, terre tenant of George Boothe,* and because the docket entries of the judgment of 1825, above recited, did not shew upon its face that said judgment was against the tract of land called *Hopton Park.*

The court (STEPHEN, J.,) overruled the objection. The defendants excepted.

The judgment of the county court being against the defendants, they brought the present appeal.

The cause was argued before ARCHER, DORSEY, and CHAM-BERS, J.

B. G. HARRIS for the appellants.

This being a trial by record, the appellee was bound to support his side of the issue, by the production of the record itself, unless by circumstances his case is excepted from the general rule. In order to do away with the necessity of producing the record in this case, he must show that it has been destroyed, having first proved that it had once an existence: that is, he must prove its existence and destruction before he can be permitted to introduce secondary evidence of what the record contained. 1 *Stark. Ev.* 160 *n.* 1. We may not now probably be able to object to the introduction of the secondary evidence in the court below, as we did not make it a point in the bill of exceptions, but this point and the question that is raised in the exceptions, viz: Whether the judgment of 1817 has been correctly recited, must depend exactly on the same fact. The former existence of the record as recited by them. If this fact is not clearly proved to the court, it would be absurd to contend that the record has been correctly recited, or that the *nul tiel* record plea of the defendants below has not been sustained. The secondary evidence which they have introduced is of the most unsatisfactory character, not tending in the least to shew either the existence of any record, or the contents of any, if it ever existed, as recited in their *scire facias.* The docket entries show, that in 1812 the plaintiff below recovered a judgment in ejectment against *George Boothe,* as

*terre tenants,* to whom we have been summoned to court. That docket entry does not give the name of the land recovered. The docket entry of the *fiat* of 1817 against *Jane Boothe,* leaves us still in the dark as to the name of the land, as also does the docket entry of the *fiat* of 1825. To supply the deficiency of the evidence of the docket entries in respect to the name of the land, they have introduced the record of the *fi. fa.* under which *Clement Dorsey* in 1808 purchased a tract of land called *"Hopton Park,"* which was sold as the land of *George Boothe.* Connected with this fact, they prove that *Jane Boothe,* and after the defendants below, lived on a tract of land called *"Hopton Park,"* proof being also given that there were several tracts of land of that name in *Saint Mary's* county. In cases like the present, the collateral evidence should prove clearly the very facts, which the record itself would show. *Norris Peake,* 60. Now the record of the judgment of 1812 and '17, (if not burnt) would shew whether or not the land called *"Hopton Park"* was recovered in that judgment; but surely in their absence, the record of the *fi. fa.* and sale in 1808, cannot be the least evidence to shew what land was recovered in 1812, '17 and 1825. It is but ground for the merest conjecture, and not at all strengthened, but rather weakened by the other facts in the case. Could the court on such evidence, (if it were right to do so in other respects) have ordered a writ of posession on the *fiat* of 1825, for the land called *"Hopton Park?"* We think they could not.

T. S. Alexander for appellees.

In this case a *scire facias* was issued out of *Saint Mary's* county court to revive a judgment in ejectment, recovered in 1812 by the present appellee, against *George Boothe,* since deceased. This judgment was revived in 1817, and again in 1825, against *Jane Boothe,* as *terre tenant* of *George.*

The defendants below pleaded—1. No such record of a judgment against *George,* &c. 2. That at the time of the recovery of that judgment, nor since, the said *George,* nor any person to the use of *George* and his heirs, was not seized of

the premises recovered in his demesne, as of fee, &c., &c. To this last plea the plaintiff demurred, which was maintained.

On the trial of the issue of *nul tiel* record, a variety of documents were produced, with proof of the destruction of the records, all of which will be found in a bill of exceptions in this record. Upon all this evidence the defendants below objected to the judgment of 1825, because the *sci. fa.* in this case did not pursue the judgment of 1817, and because the docket entry of the judgment in 1825 does not show a recovery of the land now claimed, viz: *Hopton Park.*

The judgment was in favor of the plaintiff below, who will now insist—

1. That if it is intended by the objection, that the present *scire facias* does not correctly recite the judgment of 1817, the objection is unfounded. If it is intended that the docket entry of the judgment of 1825 does not correspond with that of the judgment of 1817, the answer will be that the docket entry of the judgment of 1825 not being in the record, we have no means of instituting the comparison.

2. That it is impossible to discover whether the docket entry of the judgment of 1825 does or not give the name of the land recovered, since that docket entry is not in the record. And there is other and sufficient evidence to be found on the record, that the recovery in fact was of the land now claimed.

3. Upon the demurrer, that no objection is thereby presented to this recovery. It was not necessary, in order to sustain the original ejectment, to show that *George Boothe* was at the time of the recovery, seized in his demesne as of fee. For if he had such seisin, and as an incident, the right to immediate possession, the plaintiff could not have recovered in this action.

ARCHER, J., delivered the opinion of this court.

This was an action to revive a judgment in ejectment, against the *terre tenants* of George Boothe, recovered, as is alleged by *Clement Dorsey's* lessee, against *George Boothe,* in *Saint Mary's* county court, for a tract of land called *Hopton Park.* The defendant pleaded *nul tiel record* of the judgment against *George Boothe.*

The correctness of the judgment of the court below on the issue joined, is not brought before us upon this appeal; but it is a question of the admissibility of the proof in evidence, from the docket entries of March term 1825, that a *scire facias* had been issued upon the *fiat*, entered in March term 1817, by the present plaintiff, against *Jane Boothe*, as *terre tenant* of *George Boothe*, upon which a *fiat* was entered.

The records of the judgment in ejectment against *George Boothe*, and of the several *fiats* thereon, were destroyed by fire, and the plaintiff to sustain the issue on his part, had offered evidence to shew that a tract of land belonging to *George Boothe*, called *Hopton Park*, had been condemned on an attachment, and that upon a *fi. fa.* and *vendi.* on that attachment, *Clement Dorsey* had become the purchaser, and then adduced docket entries, in 1817, by which it appears, that a *sci. fac.* had issued on a judgment in ejectment, obtained by *Clement Dorsey* against *George Boothe*, upon which a *fiat* had been entered, and afterwards docket entries of sundry writs of possession, which appeared to have been unexecuted, and then offered the proof which gives rise to the present question.

It is true, the existence and loss of any writing must be proven, before secondary evidence can be let in to establish its contents; and in this case, we apprehend there was sufficient evidence of the existence of a judgment against *George Boothe*, because the docket entries of 1817 disclosed the fact, that there had been a judgment, and that judgment was in ejectment against *George Boothe*, and the docket entries of the *sci. fac.* in 1825, tended to establish the same fact, the existence of a judgment against *George Boothe* in ejectment; for otherwise there could have been no *scire facias* against his *terre tenants*.

That the docket entries do not show for what land the judgment was rendered against *George Boothe*, or his *terre tenants*, cannot be an objection to their admissibility, because for what land the suit was brought, and in relation to which the judgment was recovered, may be established by other evidence, than the docket entries, and the plaintiff, to prove that the judgment was for *Hopton Park*, had proved its seizure and

sale as the property of *George Boothe*, its purchase by *Clement Dorsey*, under execution, and an ejectment brought by *Dorsey* against *Boothe*.

We therefore think the proof from the docket entries of 1825 was admissible, for the purpose of showing the recovery of a judgment in ejectment against *George Boothe* by the plaintiff.

JUDGMENT AFFIRMED.