UTICA,
August, 1823.

AVERY
v.
CADUGAN.

AVERY *against* CADUGAN.

A notice of motion for the "next term" is good, without mentioning any particular day.

BRADISH moved to set aside the execution in this cause.

*C. P. Kirkland*, objected that the notice of the motion was for the *next term*, generally, without specifying any particular day.

*Curia.* This includes the first day of the term, and is sufficient.

Motion heard.

they might have had at some other place with much less convenience to themselves. (Vid. *Com. Dig. Pleader*, (S) 11.) It seems to me that the law has vested in the Judge the discretion of saying whether or not, in any particular case, it may be allowed to the jury to go to their homes, during a necessary adjournment throughout the night."

*Bailey*, J. said, " In almost every trial, it is in the experience of persons who attend courts of justice, the Judge as well as the jury are occasionally absent for a short period. This is very often so ; and, perhaps, it may be said, improperly. But they go out only for a few minutes. If, then, a, separation for a night will vitiate a verdict, why not a separation for a few minutes ?" Again : " Every object and purpose of justice is effectually answered, and every supposed inconvenience rebutted, by the law as it now stands ; for as the law now stands, if the jury separate without consent, and, improperly so, it is in the discretion of the Judge who tries the cause, to impose upon them such punishment and fine as he may think fit." [He admitted that, where the verdict was against evidence, the separation might weigh towards setting it aside ; but proceeded,] " When the fact of separation, *per se*, is urged as the ground for a new trial, it is of no weight." *Bailey & Holroyd*, Js. both thought this question might be more solemnly reviewed on error, if the party choose to proceed in that way ; and

*Holroyd*, J. said, " I do not find any authority, in law, which says that the separation of the jury, in a case between party and party, or in case of a misdemeanor, does avoid the verdict. If the jury are guilty of any improper conduct, in any separation, which ought not to take place without the authority of the Court, they may be guilty of a misdemeanor, and may be fined          as such ; but it appears to me that that would not avoid the verdict. In case any probable mischief is likely to result from a separation, without any care being taken to prevent it, either from the inattention of the Judge, or upon any suggestion of that kind, you may direct such measures to be taken as shall prevent the effects of such sepa-.