## DANIEL MORRISON *vs.* SUSAN WELTY.

Contents of a written paper cannot be proved by parol, without first giving evidence of its loss, or of notice to the adverse party to produce it, if in his possession.

The acceptance of a security, or undertaking of equal degree, is not, of itself, an extinguishment of the original debt for which it is taken, if it remains in the hands of the creditor, and he can produce it to be cancelled.

Notes given by defendant to plaintiff, for money loaned, were altered by the plaintiff's wife before they went into his possession, by affixing seals to them without his knowledge or consent, or that of the makers of the notes. HELD :

1st. That the effect of this alteration must be limited to the notes alone, and, at most, only destroys them as binding obligations from the defendant to the plaintiff, without impairing his right to recover the original debt.

2nd. But the plaintiff must still produce the notes at the trial for delivery to the defendant: the object of the rule requiring such production is, the protection of the defendant from all future liability or inconvenience, on, or from, the obligations, whether valid or void.

Where the court below refused to admit evidence after the case had been closed on both sides, because to do so would have been an infraction of one of its rules, and such rule does not appear in the record, there is nothing from which this court can presume there was error in the application of the rule.

But where evidence was excluded by an application of a rule of court, it is error for the court to grant an instruction upon the evidence so excluded.

APPEAL from the Circuit Court for Frederick County.

*Assumpsit*, brought July 21st, 1856, by the appellant against the appellee, to recover the sum of $100, money loaned. The declaration contains the common money counts, and the plea was *non assumpsit*.

1st *Exception:* This plaintiff proved that, in April 1854, the defendant admitted she owed the plaintiff's wife, who died in March 1854, $100; that his wife was in the habit of loaning the plaintiff's money, and taking notes for the same and keeping them in her possession. The defendant then offered to prove by John Six, that after the death of his wife, plaintiff gave witness two notes, under seal, of $50 each, against defendant for collection, and that these notes had been given for the

same money sought to be recovered in this action. The plain- tiff objected to the admissibility of this evidence unless the notes were produced, or were proved to be in the plaintiff's possession, and notice to produce them had been given, but the court, (Nelson, J.,) overruled this objection and allowed the evidence to be given, and to this ruling the plaintiff excepted.

*2nd Exception:* The defendant then offered to prove by John J. Welty, that the defendant gave her two notes of $50 each, with Jacob Shockey as security for the $100 in question, and that witness had frequently seen the notes in the possession of Mrs. Morrison in her lifetime, and in the possession of the plaintiff or his agents since her death. To the admissibility of this evidence the plaintiff objected, but the court allowed it to go to the jury, and to this ruling the plaintiff excepted.

*3rd Exception:* The defendant then offered to prove by John J. Welty, that in June 1848, witness saw two notes for $50 each, signed by the defendant and Shockey as her security, in the possession of Mrs. Morrison, and that at that time they had no seals to them, and afterwards, in July 1855, saw the same notes at Mr. Shunk's. To the admissibility of this evidence, the plaintiff objected, and the court allowed it to go to the jury, and to this ruling the plaintiff excepted.

*4th Exception:* The defendant then proved by Wm. Welty, that in September 1846, he saw the defendant and Jacob Shockey sign two notes, for $50 each, payable to the plaintiff, and never saw them again till they were presented by John Six to defendant for collection, and that when the notes were executed they had no seals to them; and then offered to prove by this witness, that after these notes were signed and before they were so presented for collection, they had been altered by having seals affixed to them. To the admissibility of this evidence the plaintiff objected, but the court allowed it to go to the jury, and to this ruling the plaintiff excepted.

*5th Exception:* The defendant asked the court to instruct the jury, in substance, that if they find the notes mentioned by

Morrison vs. Welty.

the witnesses were given for the money sought to be recovered in this action, and were delivered to and went into the posses- sion of the plaintiff, then the plaintiff, from the pleadings and evidence, is not entitled to recover, because he has offered no evidence to prove that these notes have been lost or destroyed, unless he shall produce them in court to be given up and can- celled. The court granted this prayer, and to this ruling the plaintiff excepted.

6th *Exception:* The plaintiff then asked the court to instruct the jury, that if they find that the notes, mentioned by the wit- nesses, when executed and delivered to the plaintiff's wife, were promissory notes, and were subsequently altered by the act or privity of his said wife by attaching seals to them, thus altering them to single bills, then the plaintiff is entitled to re- cover the amount of money loaned to the defendant, with in- terest from the time the same was loaned. The court refused this prayer, and to this ruling the plaintiff excepted.

7th *Exception:* The plaintiff asked the court to instruct the jury, that if they find the notes mentioned by the witnesses were promissory notes at the time they were executed and de- livered to the plaintiff's wife, and were so delivered to her, and that they remained in her possession from that time till her death, and that after her death, they, for the first time, went into the actual possession of the plaintiff, and at that time had been altered by having seals attached to them, and were so altered whilst in the actual custody and possession of his wife, then the jury are not authorised to presume said notes were altered by the plaintiff. The court granted this prayer. The plain- tiff then further asked the court to instruct the jury, that if they find that said notes were altered by having seals attached to them whilst in the custody of his wife, and by the act of his wife, and without the actual knowledge and consent of the plaintiff and of the defendant, and of said Shockey, then the plaintiff is entitled to recover in this action so much money as the jury shall find from the evidence belonged to the plain- tiff, and was loaned by his wife to the defendant. The court refused this prayer, and to this ruling the plaintiff excepted.

Morrison *vs.* Welty.

*8th Exception:* The plaintiff then produced two single bills for $50 each, in favor of the plaintiff, signed by the defendant and Jacob Shockey, dated September 2nd, 1846, and offered to prove they were the same papers mentioned by the witnesses in the preceding exceptions, and offered to deliver them up to be cancelled or delivered to the defendant. But the court refused to permit the plaintiff to offer this proof, because the testimony in the case had been closed on both sides, and the bills of exceptions had been signed and sealed, and because it would be an infraction of a rule of court to suffer either party to offer additional evidence after it had been announced by the parties that they had closed their case. But the court examined the papers or notes so offered, and it appearing to the court, on inspection thereof, that they had seals attached to them, the court instructed the jury that the plaintiff is not entitled to recover in this action, because said notes having seals thereto, merged the cause of action on simple contract. The plaintiff excepted to the refusal to permit the testimony so offered to be given to the jury, and to the instruction so given by the court. The verdict and judgment were in favor of the defendant, and the plaintiff appealed.

The cause was argued before BOWIE, C. J., BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Oliver Miller,* for the appellant.

1st. The testimony objected to in the first four exceptions, should not have been admitted, for it is very clear, that parol, or secondary evidence of the contents of written papers, notes or bills, proved to be in the possession of the opposite party, cannot be allowed, unless notice to produce them has been given, and the production thereof on such notice refused. 1 *Greenlf's Ev.,* secs. 87, 88, 90, 560, 561. 8 *G. & J.,* 209, *Marfield vs. Davidson.* 11 *G. & J.,* 416, *Wyman vs. Rae.*

2nd. By the rulings in the other exceptions the plaintiff was told he could not recover in any form of action, either on

Morrison *vs.* Welty.

the original indebtedness, or on the notes. What form of action was he to bring? If he had sued in *debt*, he would have been met with the plea of *non est factum*, and proof that the defendant never *sealed* the obligations. He tries *assumpsit*, and is told he cannot recover on proof of the loan, because *notes* were given for it which he must produce and deliver up, and when he produces them, he is told he has mistaken his form of action, because the notes have seals to them. The effect of these rulings is, that a plaintiff who loans money and takes promissory notes as the evidence of the debt, which he places in the custody of a third person—his agent if you please—and this person or agent, while the notes were so in his custody, alters them by appending seals to the signatures without the knowledge or consent of the plaintiff, or the parties who signed them, is forever barred from recovering his claim. Such is not the law. The authorities show that, in such a case, the alteration being made by a stranger, the plaintiff could still recover on the notes themselves. 1 *Greenlf's Ev.*, secs. 565, 566. 2 *Mason*, 478, *United States vs. Spalding.* 4 *Term Rep.*, 335, *Master vs. Miller.* 6 *East.*, 309, *Henfree vs. Bromley.* 15 *East.*, 17, *Raper vs. Birkbeck.* 3 *Barn. & Cress.*, 428, *Wilkinson vs. Johnson.* 6 *Cowen*, 746, *Rees vs. Overbaugh.* 8 *Cowen*, 71, *Lewis vs. Payn.* 15 *Johns.*, 297, *Jackson vs. Malin.* 10 *Conn*, 192, *Nichols vs. Johnson.* But, at all events, the right to recover upon the original indebtedness still exists in such a case, if the notes are produced to be cancelled or delivered up, as the plaintiff offered to do here.

No counsel appeared for the appellee.

Cochran, J., delivered the opinion of this court.

The questions presented for consideration in this case, arise upon eight bills of exceptions, the first four taken to the admission of testimony, the 5th, to the granting of the defendant's prayer, the 6th and 7th, to the refusal of the court to grant the instructions contained in the plaintiff's 1st and 2nd

prayers, and the 8th, to the refusal to admit evidence for the plaintiff, after the case was announced closed, and to an instruction given by the court upon two notes, then produced by the plaintiff to be delivered to the defendant and cancelled.

The 1st, 2nd, 3rd and 4th exceptions were taken to the admission of the testimony of John Six, John J. and William Welty, offered on the part of the defendant to establish a substantial defence, by proving the existence and contents of two notes given by the defendant to the plaintiff, for the indebtedness declared on in this case. The exceptions to the admission of this evidence, we think, were properly taken. Its admission was in violation of the rule, that the contents of a written paper cannot be proved by parol, without first giving evidence of its loss, or of notice to the adverse party to produce it, if in his possession. Such proof of loss, or notice to produce, as the case may be, is a duty imposed as a necessary preliminary to the offering of evidence of the contents of a written paper. *3 H. & J.,* 97. *11 G. & J.,* 247.

This determination of the question as to the inadmissibility of the defendant's evidence, renders the expression of an opinion upon the question presented by the 5th exception, wholly unnecessary, as nothing material to the case would be ascertained by it.

The 6th and 7th exceptions involve the same principles, and present the same questions. The plaintiff, upon the evidence of the defendant, with that offered by himself, asked an instruction from the court to the jury, that he was entitled to recover if they should find that the notes mentioned in the evidence were altered by the wife of the plaintiff before they went into his possession, by affixing seals to them without his knowledge and consent, or that of the makers of the notes. The prayer assumes that the indebtedness covered by the notes, and that claimed in this case, is the same, and that there was evidence that the notes were in the plaintiff's possession, although there was nothing to show, at that stage of the case, that they were produced by the plaintiff for delivery to the defend-

ant. Upon these, with the other hypothetical facts stated in the 6th and 7th exceptions, we are to consider: 1st, whether such alteration of the notes bars the plaintiff's right to recover upon his count for money loaned, the original indebtedness for which they were given? and 2nd, if the plaintiff's right to recover on that count was not impaired by such alteration, whether he was entitled to the instruction prayed, without the production of the notes for delivery to the defendant?

We hold it to be well settled, that the acceptance of a security, or undertaking of equal degree, is not of itself an extinguishment of the original debt for which it is taken, if it remains in the hands of the creditor unpaid, and he can produce it to be cancelled. 2 G. & J., 493. 3 Gill, 350. 1 Md. Rep., 514. 3 Md. Rep., 265. That the notes in question were given for an antecedent indebtedness is not disputed, and as the plaintiff's case is stronger than those presented in the authorities referred to, from the assumption of the fact that he did not receive them until their validity was made questionable by the alteration made in them, it is evident that his right to recover could not be disputed, unless the alteration, made before he received them, extinguished the debt. In the argument of the case it was contended, with some force and show of authority, that the alteration, made as assumed in the plaintiff's prayers, should be considered as a mischief done by a stranger, and without effect upon his right to recover upon the notes. Waiving the consideration of that point, we think the effect of the change should be limited to the notes alone, and that, at most, it could only destroy them as binding obligations from the defendant to the plaintiff, without impairing his right to recover the original debt. It has been held that the alteration of a bill by the drawee and payee, or of a note by the payee, although it avoids the instrument does not extinguish the debt, and that a drawee who sues an acceptor on a bill, and fails in consequence of having altered the bill in a material part, may still recover on counts on the original consideration. Byles on Bills, 257, 258. 2 Adol. & Ellis, 628. 7 Barn. &

*Cress.*, 416. It does not follow however, that, because the notes were avoided the plaintiff was relieved from the obligation to produce them, at the trial, for delivery to the defendant. In the case of *Glenn vs. Smith*, 2 *G. & J.*, 493, it was held, that a creditor holding a promissory note of his debtor, would not be permitted to recover the original indebtedness for which it was given, without producing the note at the trial to be cancelled. The object of this rule is the protection of the defendant from all future liability or inconvenience on or from the obligation, whether valid or void, given for the original indebtedness recovered. If the plaintiff in this case were permitted to recover upon his count for money loaned, and still retain the altered notes, upon the genuine signatures to which credit might be obtained, it is obvious that a fraudulent use, or transfer of them, might subject the defendant to the vexation and expense of another suit, where an exoneration from liability would be difficult to establish by competent proof. Holding that the plaintiff was bound to produce the notes, in question, at the trial, for delivery to the defendant, before asking the instructions contained in the 6th and 7th exceptions, we concur with the court below in its refusal to grant them.

The 8th exception is taken to the refusal of the court to admit evidence offered by the plaintiff, in connection with his production of the notes for delivery to the defendant, after the case had been announced closed on both sides, and to an instruction which the court gave on an inspection of the notes then produced.

The reason stated in the exception for the refusal to admit the proposed evidence, is that it would have been an infraction of a rule of the court. The rule, the application of which is questioned, is not presented in the record, and there is nothing from which this court can presume there was error in its application in restriction of the right claimed by the plaintiff. If, however, the rule as applied prevented the admission of the proposed evidence, it was the right of the plaintiff to object to any instruction based upon the notes then produced, for the

reason that the court could not properly assume, as the ground of an instruction, evidence which, by an application of its rule, it had excluded. The judgment in this case will be reversed.

*Judgment reversed and procedendo awarded.*

(Decided January 30th, 1862.)