BIGELOW & HOAGLAND *v.* CHARLES W. STILPHEN AND GEORGE W. STILPHEN.

*Practice. Pleading. Alteration of a Promissory Note. Principal and Agent.*

Under a rule of court that in actions on a written instrument the plaintiff shall not be required to prove its execution by the defendant, unless the latter shall have filed a notice that he shall deny such execution, *held,* that the omission to file such a notice did not bar the defendant from proving that after he had executed the instrument it had been altered in a material respect.

*It seems* that the alteration of a note in a material respect by the holder after its delivery, without the consent of the maker, will defeat a recovery not only upon the note itself, but also for the consideration for which it was given.

The material alteration of a written instrument by a stranger does not invalidate it, or prevent a recovery upon it as it originally stood.

On who is simply an agent to sell goods and receive the notes of the purchasers for the price, and transmit them to his principal, is not the agent of his principal to alter a note after he has received it, and, in the absence of any evidence that the principal consented to such alteration, or was aware of it before bringing an action upon the note, he may still recover upon it as it stood before the alteration.

ASSUMPSIT upon a joint and several promissory note, dated January 27th, 1860, for two hundred dollars, signed by the defendants, and payable in six months after date at No. 40, Courtland street, New York, with interest. The declaration also contained the usual general counts in assumpsit.

The defendants pleaded the general issue, and the cause was tried by jury at the April term, 1861, POLAND, Ch. J., presiding.

The plaintiffs produced the note declared on, and the defendants admitted the signatures thereto to be theirs. The defendants then gave evidence tending to prove the following facts: The plaintiffs were shoe dealers, residing and doing business at No. 40, Courtland street, New York City. About the date of the note in suit, one James D. Cook, an agent or clerk of the plaintiffs, came to Swanton, where the defendants resided, and there made a trade with the defendant, C. W. Stilphen, to sell to him a bill of boots and shoes, amounting to two hundred dollars, for which C. W. Stilphen was to give a note either at four or six months, and was to procure either his father or his brother, the defendant, George W. Stilphen, to sign as surety for him. The note in question was written by Cook, and delivered to C. W. Stilphen to procure his father or brother to sign according the agreement, and he did procure George W. Stilphen to sign it as surety, and delivered the same to Cook as the agent of the plaintiffs.

When this note was signed by the defendants and delivered to Cook, it did not contain the words "jointly and severally," nor the words "with interest," which, at the time of the trial, appeared interlined in the note, but those words had been written therein since the note was executed by them and delivered to Cook, without any assent or authority from the defendants or either of them, that such alterations might be made. It was proved that these interlineations were in the hand writing of Cook, but there was no evidence as to the time when they were made, nor was there any evidence as to how long Cook continued in the plaintiffs' service after the note was given, or whether he had ever left their service, nor was there any evidence except as above stated, that the plaintiffs knew that the note had been altered since it was given, or that they approved or directed any such alteration.

It was not claimed by the defendants that the bill of boots and shoes had been paid except by giving this note. The plaintiffs seasonably objected to all this evidence given by the defendants on the ground that no plea and notice had been filed accord-

Bigelow & Hoagland *v.* Stilphens.

ing to the 22nd rule of the Franklin County court, which is as follows :

" In actions founded on any instrument in writing, purporting to have been signed by the defendant, the plaintiff shall not on trial of the case be required to prove the execution of the instrument, unless the defendant shall have filed the general issue within the time limited for filing special pleas, and have appended thereto a notice, that he shall on trial deny the execution of such instrument ; and in all cases where the execution of a written contract is put in issue by the pleadings, if the hand writing is to be disputed, it shall be so noted in the margin of the next subsequent pleading when the same is filed."

The court overruled the objection and admitted the evidence, to which the plaintiffs excepted. The defendants had filed no written plea.

After this evidence had been given, the plaintiffs introduced no evidence in opposition thereto, and made no question, but that all the facts were sufficiently proved, which the testimony tended to establish.

The plaintiffs claimed that they were entitled to recover of both defendants upon the note, but if they could not so recover for the reason that the note had been unlawfully altered, then they claimed that they were entitled to recover of C. W. Stilphen for the bill of boots and shoes, which formed the consideration of the note, under the general counts in their declaration.

But the court refused to so instruct the jury, but ruled that upon these facts the plaintiffs could recover of neither defendant, and directed a verdict for the defendants, which was accordingly rendered. To this ruling and direction to the jury the plaintiffs also excepted.

*H. A. Burt,* for the plaintiffs.

*H. S. Royce,* for the defendants.

PIERPOINT, J. It is insisted that the county court erred in admitting evidence of the alteration of the note in controversy, as the defendant did not give notice, that upon the trial he should

deny the execution of the note, according to the requirements of the rule of the county court, when such is the intention.

Without undertaking to decide whether the admission of evidence by the county court in violation of its own rules of practice, is such an error as can be revised by this court upon exceptions, we are all clearly of the opinion, that in the admission of the evidence offered, there was no violation of the rule. Rules like the one under consideration have been adopted in most of the counties in this state, and the universal construction that has been put upon them in practice, is, that they apply only in cases of a denial of the genuineness of the signature of the party to the instrument declared upon ; if the defendant intends to do that he must plead and give the notice required by the rule, but without doing so he is at liberty to deny any other fact tending to establish his liability, or to prove any other fact necessary to his defence. The omission to plead and give notice operates under the rule as an admission, for the purposes of the trial, that the signature to the instrument declared upon is his hand writing, but it is not an admission that the instrument when offered is as it was when he signed his name, or even that there was any instrument whatever written above the signature when he wrote it. By admitting the signature he takes upon himself the burden of proving that he is not bound by the instrument ; as a general rule the presumption is against him. There was no error in this respect.

Did the county court err in directing a verdict for the defendants ?

The case shows that no question was made but what all the facts were sufficiently established,that the evidence tended to prove.

The note was altered in a material respect after it was signed and delivered to Cook by the defendants, and without their knowledge, authority or assent. The alteration was made by Cook, and in his hand writing. There was no evidence that the plaintiffs directed or approved of it, or had any knowledge of it until the trial, or that Cook had any opportunity to alter it after he delivered it to the plaintiffs. We must assume then, that the note was altered by Cook before it was delivered to the plaintiffs, and without their knowledge.

It was decided in England at an early day, *Pigot's case,* 11 Coke 27, that the alteration of a deed in a material point by a party to it, or by a stranger, rendered the deed void. This rule was soon after modified so far as that a deed altered by accident or mistake, or lost or destroyed, would still be good according to its original terms, (15 East 17 ; 3 Barn & Cres. 428 ; Chitty on Con. 609,) and such is now universally recognized to be the law. In *Master* v. *Miller,* 4 Term 320, it was held that the rule was the same in the case of the alteration of notes, bills of exchange, or other written instruments. And the rule seems now to be well settled that if the holder or owner of a note or other written obligation alters the same in a material point without the knowledge and consent of the signer, such note or other obligation is thereby rendered void. 4 Term 320 ; 3 B. & Adol. 660 ; 5 Term 367 ; Chitty on Contracts 607 ; 1 New Hamp. 95.

Whether such alteration works a forfeiture of the debt so that there can be no recovery by the party making such alteration for the original consideration for which the obligation was given, in any form of action, is a question on which the authorities are not entirely harmonious. The weight of authority, however, seems to be in favor of the position, that in such case there can be no recovery for the original consideration. The forfeiture of the debt is one of the penalties that the law imposes upon the party who alters or tampers with the written evidence which he holds of his claim. The rule is based on considerations of policy, the object being to deter the holders of written instruments from attempting to commit frauds upon the signers, by altering them. It was said by Lord Kenyon in *Master* v. *Miller,* that no man shall be permitted to take the chance of committing a fraud without running any risk of losing by the event, when it is detected.

But that part of the rule laid down in *Pigot's case,* that declares that an alteration by a stranger without the knowledge or assent of the party, shall avoid the instrument, seems to have found but little favor with the courts in modern times. Indeed, it seems to be difficult to find a sufficient reason for the rule, founded either in justice or sound policy. Clearly, it is not just that a

man should be deprived of an honest debt, or have the evidence of it destroyed for all beneficial purposes, in consequence of the misconduct of a stranger, to whose act he did not assent, and of which he had no knowledge. It is not the fact, that an instrument is altered, that makes it void; if it was, an alteration by accident or mistake would have that effect. It is the intent, that gives the act its character and avoids the instrument, and it is difficult to understand why a man who has done no wrong, nor consented that any should be done, should be punished to the extent of the amount of his demand by having his claim cancelled by operation of law, solely because another has been guilty of an act for which he ought to be punished.

Public policy does not require any such rule. Declaring the instrument void in case of alteration, has no tendency to deter a stranger from making such alteration. Punishment inflicted upon the innocent, has no terror for the guilty, and if such a rule was established, it would by no means follow that when an alteration was made by a stranger, it would be made for the benefit of the holder. The sole object in making the alteration might be to render the instrument void. It might be from motives of friendship to the maker, or enmity to the holder, or from selfishness on the part of the stranger, he expecting thereby to add to the security, or increase the probability of collecting a debt of his own against the maker. These considerations are quite as likely to lead to an alteration, as a desire to benefit the holder, and the probabilities of success are much greater.

Modern authorities, seem to be against the rule. In *Henfree* v. *Bromley*, 6 East 310, it was held that if an umpire alter an award in a material part, after the expiration of his power, the award is not thereby rendered void, but is good as originally made.

In *Jackson* v. *Malin*, 15 Johns. 293, PLATT, J., says "that a material alteration, though made by a stranger, without the privity of the party claiming under it, renders the deed void, is a proposition to which I am not ready to assent."

In *Rees* v. *Overbaugh*, 6 Cowen 746, it was decided, that if a stranger tear a seal from a deed, it shall not destroy it.

In *Nichols* v. *Johnson*, 5 Comst. 192, it was held that an alteration of a written instrument by a stranger, though material,

will not render such instrument inoperative. CHURCH, J., in delivering the opinion of the court, says : " It can hardly be conceived, if a deed or other instrument in writing is not rendered inoperative, by either a mistaken alteration or its loss, or even entire destruction, how it can be, by an unauthorized intermeddling of a stranger."

We think the rule, as indicated by reason and authority, is, that an alteration of a written instrument by a stranger without authority does not render such instrument void.

In applying these principles to the case under consideration, it is clear that the plaintiffs cannot recover on the first count, as the defendants never executed any such note as is therein declared upon. There is no count describing the note as it was originally made. The common counts, however, are sufficient to enable the plaintiffs to recover upon the note, as it was executed, provided the alteration made therein by Cook did not render it inoperative, and that depends upon the relation sustained by Cook to the parties and the transaction. Was he a stranger within the meaning of the term as used in cases of this kind?

Cook was the agent of the plaintiffs to sell the property for which the note in question was given, and also their agent to take the note and transmit or deliver it to them. Beyond this, it does not appear that he had any authority in the matter, or was their agent to do anything further in the business. Clearly he was not their agent to alter this note. Such an act was not within the scope of his authority, and the act was not done in the legitimate discharge of any duty required of him by his agency. Nothing appears by which he could have justified the act as between himself and the plaintiffs, and nothing that ought to make the plaintiffs in any respect responsible for the act; no more so than if, after having delivered the property sold to the defendants, he had then broken into their store and stolen a part of it. No principle is better settled than that the principal or master is in no respect responsible, when the agent or servant goes out of the line of his agency or employment and voluntarily commits a trespass or does any other act to the injury of another.

Neither can it be said that the plaintiffs have in any sense ratified the act of Cook in making the alteration, by bringing

Bigelow & Hoagland *v.* Stilphens.

this suit to enforce the note as altered, as it does not appear that they had any knowledge of the alteration until it was disclosed upon trial.

We think the act of Cook in altering the note must be regarded in law as the act of a stranger, and that the note is not thereby rendered void, but remains a good and valid instrument as originally drawn and executed. We come to this conclusion the more readily from the fact, that entire justice to all the parties results therefrom. The defendants are required to pay only that which they agreed and ought to pay, and the plaintiffs recover only that which is honestly their due.

Judgment reversed and case remanded.