## MATTESON VS. ELLSWORTH.

PROMISSORY NOTE — ALTERNATIVE CAUSES OF ACTION — AMENDMENT.
(1) *Taking debtor's note; effect on original cause of action.* (2) *Un-authorized (but not fraudulent) alteration of note.* (3) *Amendment of complaint.* (4) *Alternative causes of action; when plaintiff not compelled to elect.* (5) *Note cancelled by judgment.*

1. It has been uniformly held in this state, that the taking of a promissory note of a debtor does not extinguish the original debt, nor operate as a payment, unless so agreed between the parties.
2. The authorized (but not fraudulent) alteration, after delivery, of a note for money loaned, rendering it invalid, will not prevent a recovery of the money loaned, with interest, the note being cancelled.
3. In an action upon a note, allowance of an amendment declaring also upon the original consideration (in this case loans of money), *held* not error, defendant not being prejudiced thereby.
4. In such action, plaintiff claiming to recover on the note notwithstanding an alteration made therein after delivery, on the ground that it was made with defendant's consent, and, in case of failure to prove such consent, asking a recovery of the money loaned and interest, the court did not err in refusing to require plaintiff to elect upon which cause of action she would proceed.
5. The note, being put in evidence on the trial, and cancelled by the judgment, defendant could not be prejudiced by a recovery on the original consideration.

APPEAL from the Circuit Court for *Fond du Lac* County.
The complaint, as originally filed, alleged that on or about the 3d of June, 1867, defendant was indebted to plaintiff for money had and received from her, in the sum of $200, with the further sum of $100 for interest then due plaintiff from defendant on account of money theretofore loaned defendant by plaintiff; that on the same day defendant executed and delivered to plaintiff his promissory note for $300, payable to plaintiff or her order, one year from date, with interest, etc.; that no part of such indebtedness has been paid, except $10 paid April 22, 1868, and there is now due plaintiff on said note,

and on account of said indebtedness, the sum of $300, with interest, etc., less said sum of ten dollars.

The answer alleges that on the 3d of June, 1867, defendant executed and delivered to plaintiff his promissory note of that date, for $200, payable to plaintiff or order one year from date, with interest, etc. ; that since the delivery thereof, and without defendant's knowledge or consent, the plaintiff has fraudulently altered said note by changing the figure " 2 " to the figure " 3," and the word " two " to the word " three," so as to make the note indicate a promise to pay $300 and interest, instead of $200 and interest, which alteration was made before the commencement of this action ; that defendant has never assented to such alteration ; and that this is the same note mentioned in the complaint. For a further defense it is alleged that defendant paid thirty dollars (instead of ten only) upon the note, before he knew of its alteration. The answer denies the averments of the complaint generally, except as thus admitted ; and it demands judgment that the complaint be dismissed, and that plaintiff surrender and cancel the note.

On the trial, plaintiff, as a witness in her own behalf, being asked whether at any time she had held a mortgage against defendant, the latter objected to any evidence except in reference to the note mentioned in the complaint, on the ground that there was no issue except as to such note. Thereupon the court permitted plaintiff, against objection, to amend her complaint so that it should aver as follows: That defendant is indebted to plaintiff in the sum of $200 for money loaned to defendant by plaintiff on or about the 14th of June, 1867, together with interest thereon, etc. ; and for a further cause of action, that defendant is indebted to plaintiff in the further sum of $65, for interest upon money theretofore owing the plaintiff by defendant, and for which defendant, about the 1st of August, 1866, gave his promissory note to the plaintiff, which has been returned to defendant at his request ; and for a further cause of action, that defendant is indebted to plaintiff in

the further sum of $30 for money loaned to defendant at his request on or about the 15th of June, 1867, with interest, etc. ; and for a further cause of action, that defendant, on or about the 3d of June, 1867, for value received, executed and delivered to plaintiff his note for $300, etc., as alleged in the original complaint.

The defendant answered the amendment, denying the second and third causes of action therein stated, and also alleging " that the $200 was received under a contract and agreement that a note should be given for the same, which was given to the plaintiff as a part of the same transaction on which money was loaned pursuant to an agreement made prior to the loan, and that such note has not been cancelled or returned to the defendant, and that it is the same note " as that described in the original complaint as one for $300, " having been altered as stated in the answer."

Plaintiff was then permitted, against objection, to reply to the counterclaim set up in the answer, as follows : " That the alteration of the note referred to was made with the consent of defendant, and that he subsequently assented thereto after the alteration was made."

On the trial, plaintiff's testimony in her own behalf tended to sustain the averments of the complaint ; but it showed that the note declared upon was given in the first instance upon a loan of the $200 mentioned in the first count of the complaint, and that the subsequent alteration was made for the purpose of including in it the two sums mentioned in the second and third counts.    Defendant thereupon moved the court that as to the $200, plaintiff be compelled to elect whether she would proceed upon the first count or the last ; but the motion was denied.    Defendant's testimony in his own behalf tended to show that the note in question was altered without his knowledge or consent ; that he never subsequently assented thereto ; and that he was never indebted to plaintiff for the additional sums of $65

and $30 mentioned in the second and third causes of action alleged in the amended complaint.

The court instructed the jury that plaintiff was entitled to recover $200, with interest from June 14, 1867; and the only question they were to determine was, whether defendant was indebted to her for the further sum of $100 and interest, as she claimed; that the presumption of law was, that defendant did not assent to the alteration of the note, which presumption must be overcome by weight of evidence to the contrary; that if the alteration was made without defendant's consent, and was not subsequently assented to by him, then the note was void, and the plaintiff could recover the additional $100, if at all, only upon the other evidence in the case.

The court refused successively several instructions asked for the defendant, which were in substance: 1. That if she had altered the note without defendant's consent, the verdict must be for defendant. 2. That if the $200 specified in the first count of the complaint were advanced under an agreement that a note should be given for the same, which note was delivered by defendant to plaintiff before the money was delivered, and if such note had not been cancelled or surrendered, plaintiff could not recover said $200, except upon the note. 3. That the jury could not consider the evidence given to sustain the second and third causes of action, because, by plaintiff's own showing, if any such causes of action ever existed, a note was given for the amount, upon which recovery must be had, if at all, in this action.

Verdict for plaintiff for $321; and from a judgment thereon defendant appealed.

*Moses Hooper*, for appellant, argued that the court erred in allowing three new and distinct causes of action to be inserted in the complaint, as an amendment, at the trial (*Sweet v. Mitchell*, 15 Wis., 641; *S. C.*, 19 id., 524; *Shernecker v. Thein*, 11 id., 556; *Woodruff v. Dickie*, 31 How. Pr. R., 164); that plaintiff

should have been required to elect upon which cause of action she would proceed as to the $200 (9 Abb. Pr. R., 159 ; 9 How. Pr. R., 83, 552 ; 10 id., 161 ; 14 id., 91, 456) ; and that if the note was altered without defendant's consent or ratification, plaintiff could not recover the $200 (2 Parsons on B. and N., 572 ; *Wheelock v. Freeman*, 13 Pick., 165 ; *Martendale v. Follett*, 1 N. H., 95 ; *Low v. Merrill*, Burnett, 185 [1 Pin. Wis., 340] ; *Waring v. Smyth*, 2 Barb. Ch. 119).

*Gillet & Taylor*, for respondent :

The giving of a note by the borrower for money loaned simply suspends the right of action so long as the note is not dishonored, but when the note becomes due, and the maker refuses or neglects to pay it, the payee (being still the holder) may bring his action for the money loaned, with interest. Under the old forms of pleading, and even now under a count or complaint for money lent, a recovery can be had upon the production in evidence of the note of defendant, payable or indorsed to plaintiff. The theory of this pleading is, that the note is not the contract, but the evidence of the contract upon which the plaintiff claims to recover. 3 Term, 174 ; 3 Burr., 1516 ; 3 Johns. Cas., 5 ; 16 Wend., 660 ; 8 Cow., 77 ; 3 Peters, 7. So if a note be given by the vendor of goods, for the purchase price, this is not a payment of the debt due, and the vendor, after the note becomes due, may maintain an action for goods sold and delivered, and recover the purchase price, the same as though no note had been given. 11 Mass., 143 ; 8 Pick., 522 ; 8 Cow., 77 ; 15 Johns., 247 ; 17 E. C. L., 151 ; 9 Johns., 310 ; 12 Barb., 265 ; 5 Wis., 548 ; 11 id., 350 ; 14 id., 39 ; 15 id., 304 ; 16 id., 326. If a recovery may be had without a resort to the written evidence at all, its destruction (by alteration or otherwise) cannot affect the remedy, and a recovery may be had on the original contract and indebtedness. Chitty on Bills, 190, 191 ; *Alderson v. Langdale*, 3 Barn. & Adolph., 660 ; *Sutton v. Town*, 7 Barn. & Cress., 416 ; 12 Wend., 173 ; 17 id., 238 ; 35 Barb., 501 ; 2 Barb. Ch., 118, 129, 135. Where the written

contract is not different from the one which the law raises, or which is declared by the original verbal contract, the party may sue on either. 1 Pick., 118. Where there is no fraud intended by the alteration of a note, the party may recover on the original debt. . 34 Ill.; 100 ; 4 Ohio St., 60 ; 25 Eng. L. & E., 123 ; 22 id., 208.

The following opinion was filed at the June term, 1872.

COLE, J.   The counsel for the defendant insists that the circuit court erred in allowing three new and distinct causes of action to be inserted in the complaint as an amendment of the same, on the trial.   But this amendment amounted to nothing more than stating the original consideration of the note sued on.   It was what would have been termed, under the former system of pleading, adding the common counts to the special count.   It was doubtless competent for the court to allow the amendment, and it could not possibly have prejudiced the defendant in any way.

Nor do we think there was any error in refusing the defendant's motion to compel the plaintiff to elect whether she would proceed upon the claim for money loaned and interest, or upon the note.   This was a matter resting in the discretion of the court.   Both claims were for the same money, and there was · no inconsistency in the plaintiff seeking to recover on the original indebtedness, if she should fail to prove that] the note was altered with defendant's consent.

A number of instructions were asked on the part of the defendant, which, we think, were properly refused.   A few general remarks will express all that we deem it necessary to say in reference to these instructions, and exceptions taken to certain portions of the charge of the court.

In the first place, it will be borne in mind that the note was offered in evidence on the trial, and of course was cancelled by the judgment.   Again, it is to be observed that the court in effect charged the jury that if they found that the note was

altered by the plaintiff after it was made, without the consent
of the defendant, then there could be no recovery upon the
note.    The instructions of the defendant assumed that there
could be no recovery in the case unless upon the note.    Why
not?    The giving of that note did not extinguish the debt due
the plaintiff from the defendant.    This proposition is too obvi-
ously correct to need illustration or comment.    And therefore,
assuming that there could be no recovery upon the note on
account of its unauthorized alteration by the plaintiff, still
what rule of law prevents a recovery on the other causes of
action stated in the complaint?    These were the counts for
money loaned and interest.    We are unable to perceive any
objection to a recovery upon those causes of action, providing
they were sustained by the evidence.    The defendant himself
testified on the trial that he had received two hundred dol-
lars, which was loaned him by the plaintiff.    He does not pre-
tend that this money has ever been paid.    And the instructions
assume that there could be no recovery for this amount admit-
ted to be due the plaintiff.    It is said, if the note was altered
from $200 to $300, without the consent or ratification by the
defendant, that then there could be no recovery on the original
consideration.    It seems to us that this is an erroneous view of
the matter.    If the note was altered without the consent of the
defendant, it is conceded that there could be no recovery upon
it.    But the original indebtedness still remains.    That has not
been satisfied and discharged.    The position of the defendant
is simply this: he admits that he had $200 of the plaintiff's
money, which he has never paid; and that he gave a promis-
sory note for the amount; but he alleges that this has been
altered without his consent, and that therefore there can be no
recovery for the money conceded to be due the plaintiff.    This
would be a strange condition of the law, if such a defense
were good and sanctioned by it.    And this is the manifest
error in the instructions asked on the part of the defendant —
that there could be no recovery on the other causes of action

stated in the complaint, if the note had been altered so that there could be no recovery upon it. Since the plaintiff produced the note, and in effect cancelled it on the trial, we know of no principle which would prevent her from recovering upon the original consideration for which the note was given. So, whether the jury found that the note was altered with the assent of the defendant, and based their verdict upon it, or based such verdict upon the other causes of action, seems to us quite an immaterial inquiry. There was probably some compromise about the verdict; but there is evidence to sustain it.

*By the Court.*— The judgment of the circuit court is affirmed.

A rehearing was allowed upon appellant's motion, and the cause was reargued.

*Moses Hooper*, for appellant, contended that all the authorities cited on the other side were either cases where the note was originally void, and so to be treated as though there never had been any note, or cases where there was a subsisting right of action antecedent to the transaction out of which the note grew; that in this case there never was any contract, as to the $200, except the note, the evidence on both sides showing clearly that the transaction was a loan of money upon the note; that in such cases there is no room for an implied promise (2 Parsons on Con., 392; *Eastman v. Porter*, 14 Wis., 39; *Meshke v. Van Doren*, 16 id., 319, 330); and that an alteration of the note in such a case, without the knowledge or consent of the maker, so as to avoid it, will prevent a recovery altogether. *Martendale v. Follett*, 1 N. H., 95; *Wheelock v. Freeman*, 13 Pick., 167–8; Byles on Bills, *257, note 1; *Smith v. Mace*, 44 N. H., 558; *Bigelow v. Stilphen*, 35 Vt., 521; *White v. Hass*, 32 Ala., 430; *Newell v. Mayberry*, 3 Leigh, 250; *Mills v. Starr*, 2 Bailey, 359; *Wood v. Steele*, 6 Wal., 82; *Whitmer v. Frye*, 10 Mo., 348, 350. He also contended that *Alderson v. Langdale*, 3 Barn. & Adolph., 660, *Blade v. Noland*, 12 Wend., 173, and

*Waring v. Smyth*, 2 Barb. Ch., 119, cited for the respondent on the former argument, are really authorities against him; and that the other authorities cited by respondent's counsel do not reach the point. (2) As to the amendments allowed at the trial, he contended that the second and third counts (and especially the third, for $30 loaned) stated entirely new causes of action; that defendant's testimony denied the existence of any such causes of action, but he could not produce any other proofs, because he had no notice that he would be called upon to try such issues. (3) To the point that plaintiff should have been required to elect whether she would proceed upon the common counts or upon the note, after it clearly appeared from her own testimony that they were based upon the same consideration, he cited *Muzzy v. Ledlie*, 23 Wis., 446.

*Gillet & Taylor, contra*, contended that the alteration of the note, even if made fraudulently, did not destroy the respondent's right of action for the money actually loaned. Where the terms of a contract are reduced to writing, and that fact is made to appear upon the trial of an action to recover upon or by reason of the contract, there the writing must be produced in evidence, and no other evidence of the contract can be received, unless it be made to appear that the writing is lost or destroyed without fault of the party offering the other evidence, or that it is in the possession of the opposite party, who, upon proper notice, refuses to produce it. Upon this theory all the cases proceed, which hold that a recovery cannot be had by a resort to the original contract where it appears that the written instrument executed at the time has been altered in a material part by the party seeking to recover on it. Most of the cases which hold that a party to whom a note has been given for goods purchased, or for money loaned, cannot recover upon the contract for the sale of the goods or the loan of the money, when it appears on the trial that the note has been altered by the payee and vendor, or loanor, proceed upon the same theory, i. e., that the contract of sale or loan

has been reduced to writing and is embodied in the note; and those which do not proceed upon this gound, cannot be supported by any logical reasoning, and ought not to be followed. But in this state the giving of a note is held not to be a reduction of the contract to writing, nor does it in any way destroy the original contract by way of merger or by way of satisfaction and payment. *Ames v. Ames*, 5 Wis., 160; *Williams v. Starr*, id., 534; *Blunt v. Walker*, 11 id., 334; *Ford v. Mitchell*, 15 id., 304; *Eastman v. Porter*, 14 id., 39; *Meshke v. Van Doren*, 16 id., 319; *Lee v. Peckham*, 17 id., 383; *Webster v. Stadden*, 14 id., 277; 18 id., 381; *Paine v. Voorhees*, 26 id., 526. The same doctrine is held in England, in New York, and in many of the other states. 2 E. C. L., 378; 12 id., 427; 29 id., 293; 37 N. Y., 409; 53 Barb., 191; 1 Hill, 516; 1 Cow., 230, 306; 5 Wend., 490; 19 id., 516; 21 id., 450, 452; 5 Denio, 558; 17 Johns., 34. In Massachusetts and Maine the contrary doctrine is held. In those states where it is held that the giving of the note is not a payment or satisfaction of the original contract, the note cannot be considered as the reduction of the contract to writing; if it was, then, according to the rules of evidence, the original contract must be merged. In these countries and states it is held, as a logical conclusion, that the alteration of the note does not destroy the right of action upon the original indebtedness. *Atkinson v. Hawdon*, 29 E. C. L., 169; *Morrison v. Welby*, 18 Md., 169; 2 A. & E., 628; 2 Parsons on Bills, 572; 17 Wend., 238; 4 Ohio, 160. It is immaterial that the note was given at the time the debt was incurred. *Paine v. Voorhees*, 26 Wis., 526; *Ford v. Mitchell*, 15 id., 308; *Porter v. Talcott*, 1 Cow., 359, 384–5; *Morrison v. Welty*, 18 Md., 169. In a case where the original contract is not merged in the note, and an action is brought on such original contract, the only object of the production of the note in court is to insure the maker that he shall not be afterwards charged with it in the hands of other parties. The production of the written paper in its altered shape fully secures that object. (As to the neces-

sity of producing the paper at all, counsel cited 12 E. C. L., 427, and 28 Wis., 254. And on the general question of recovery on the original contract in cases where a note was given which has lost its validity, he cited and criticised 1 N. H., 95, and 44 id., 558.) It is only in those cases where the action is necessarily based upon the writing, that the party loses all right of action by an alteration which avoids the written instrument. Thus, where there has been a loan of money, secured by a bond and mortgage under seal, the original contract is merged in the bond ; and in *Waring v. Smith*, 2 Barb. Ch., 135, it was held that the mortgagee, by an improper and voluntary alteration of the bond and mortgage, having released or discharged the debt, " ought not to be permitted to sustain a suit in any court for the recovery of his debts, the basis of which suit must be the securities thus voluntarily destroyed or made void." In *Wheelock v. Freeman*, the oral agreement had been reduced to writing, the conditions upon which the notes were to be paid being stated in a memorandum on the same sheet upon which the notes were written ; the writing was therefore the only existing contract. Counsel further contended that the alteration in this case was not fraudulent, even if not assented to by defendant.

The following opinion was filed at the June term, 1873.

Cole, J. A re-argument was granted in this case upon the point whether we were right in holding that the plaintiff could recover upon the original consideration, providing the jury should find from the evidence that the note was altered by her without the consent of the defendant. And it is proper to say in the outset, that there is no foundation in the record for imputing to the plaintiff any fraudulent intent or bad motive in making the alteration, even if it was thus made. She accounts for the alteration very naturally, by saying that she changed the note from $200 to $300 in order to make it include the $65 note and the $30 in cash which she sent the defendant from St.

Paul, subsequent to the execution of this note, and that she informed the defendant of what she had done, and that he afterwards recognized the validity of this note, and paid interest upon it. It is true, the defendant denies that he ever recognized the validity of the note or knew of its alteration, and he says that in fact he only had $200 of the plaintiff, and that he never received, after the $200 note was executed, any other note or money through the mail, as testified to by the plaintiff. But it is very manifest from the verdict of the jury that they did not credit his statements in regard to his indebtedness to the plaintiff; and it is perhaps the most natural inference from the verdict, that the jury found that the defendant assented to the alteration. But at all events the question of fraudulent intent is out of the case, there being no evidence upon which to found such an imputation — the error complained of on this branch of the case really being the refusal of the court to give certain instructions asked by the defendant, and exceptions taken to certain portions of the charge. And those instructions and exceptions raise for consideration this simple question, whether, if the proof showed that the plaintiff altered the note without the consent of the defendant — though from no improper motive, but supposing that she had the right under the circumstances to do so — the law will permit her to recover upon the other causes of action stated in the complaint, which are founded upon the original consideration of the note. In the former opinion it was held that she might recover, and the correctness of this conclusion was the only point we desired further argument upon. And we now think our first view of the case was correct, and that the alteration did not destroy the right of action for the money actually loaned. The position of defendant's counsel is, as we understand it, that the note is the only means by which the plaintiff derives a right of action. If the note has been altered so that no recovery can be had upon it, the right of action is totally extinct and gone. His fundamental proposition is, in the language of the note to *Waring v.*

*Smyth,* 2 Barb. Ch. R., 119–125, that "where an agreement is reduced to writing, whether under seal or not, so as to merge the original promise, and the written agreement is so altered as to avoid it, the party cannot resort to the original contract." And he cites in support of this proposition, *Martendale v. Follett,* 1 N. H., 95 ; *Wheelock v. Freeman,* 13 Pick., 165 ; Byles on Bills, side page 257, note 1 ; *Smith v. Mace,* 44 N. H., 553 ; *Bigelow v. Stilphen,* 35 Vt., 521 ; *White v. Huss,* 32 Ala., 430 , *Newell v. Mayberry,* 3 Leigh, 250 ; *Mills v. Starr,* 2 Bailey (S. C.), 359 ; *Wood v. Steele,* 6 Wallace, 80 ; and *Whitmer v. Frye,* 10 Missouri, 349.

In the cases of *Waring v. Smyth* , *Wheelock v. Freeman,* *Newell v. Mayberry,* and *Wood v. Steele,* the original promise was merged in the written agreement, and the plaintiff's only right of action was derived from, and was founded on, such written contract. In *Bigelow v. Stilphen,* where the court thought that the weight of authority was in favor of the doctrine that an alteration of a note worked the forfeiture of the debt, and that there could be no recovery for the original consideration, still they held that while Cook was the agent of the plaintiffs to sell the property for which the note in question was given, and also their agent to take it and transmit it to them, yet he was not their agent to alter it, and that they were in no respect responsible for his acts in making the alteration, and did not ratify them by bringing suit upon that note. The act of Cook, therefore, in altering the note was regarded as the act of a stranger, and in no way affecting the validity of the note as originally drawn. *Whitmer v. Frye* was " an action of debt on a sealed instrument," and " the declaration contained a count on the instrument, and the money counts." The court says that " where a party, by his own act, renders an instrument so that it cannot be the foundation of any legal remedy, he will not be permitted to prove the covenant or promise contained in it, by other evidence, and that this principle will prevent a resort to the common courts in order to sustain the plaintiff's right of recovery."

Matteson vs. Ellsworth.

In this case there might well be held to be a merger of the simple contract in the instrument under seal, though this reason for the decision is not given. In *White v. Huss*, the court say in the opinion that if the plaintiff failed to prove the assent of the defendant to the alteration of the note, " he was not entitled to recover, either upon the note, or under any count founded on the same consideration with the note," for, " as the note was at first valid, there can be no recovery upon the contract unless the note still continues valid, and is produced in evidence or proved to have been lost by time or accident." *Mills v. Starr* was an action upon a sealed note, and for goods sold and delivered, and an *insimul computassent.* The several counts were for the same debt. The note appeared to have been altered so that there could be no recovery upon it. The court said : " Here the debt was originally an account, a simple contract debt ; the plaintiff's intestate accepted a specialty, a note under seal, and that, according to the last rule, was an extinguishment of the account." *Martendale v. Follett* and *Smith v. Mace* seem to go upon the assumption that a fraudulent alteration of a promissory note operates really as an extinguishment of the debt for which it is given. In the latter case Mr. Justice BELLOWS observes that " the discharge of the notes by a release would discharge also the original contract ; and we think that the same effect would be produced by such a fraudulent alteration of the notes by the vendor as would render them void."

Now it seems to me that the rule laid down in some of the foregoing cases, that an unauthorized alteration of a promissory note not only avoids the instrument and prevents a recovery upon it, but also destroys the right of action upon the original consideration, ought not to be followed in this state, where it has been uniformly held that the taking of the promissory note of the debtor does not extinguish the original debt, nor operate as a payment, unless so agreed by the parties. Of course there is no question of merger under the decisions of this state, as the promissory note is only another security for the original

debt. It is not like the case of a bond or other sealed instrument, given for a simple contract, where the latter is said to be merged or swallowed up in that under seal. In *Ford v. Mitchell*, 15 Wis., 308, and *Paine v. Voorhees*, 26 id., 526, the doctrine is said to be well settled, that " the taking of a promissory note, either for a precedent liability or a debt incurred at the time, is no payment, unless expressly so agreed." See also *Williams v. Starr*, 5 id., 534; *Blunt v. Walker*, 11 id., 334; *Eastman v. Porter*, 14 id., 40; *Meshke v. Van Doren*, 16 id., 319. It is the logical result of this rule, that the giving of a promissory note for goods sold or money loaned is no payment or extinguishment of the debt, unless such was the agreement, and that the taking of the note only suspends the action on the contract until the note is due. *Porter v. Talcott*, 1 Cowen, 359; *Codies v. Cumming*, 6 Cowen, 181. But when the term of credit has expired, the creditor may bring his action and recover either upon the original consideration or on the note, as he may elect. *Bullock v. Green*, 15 Johns., 247; *Jones v. Savage*, 6 Wend., 658; *Butler v. Haight*, 8 id., 535; *Dayton v. Trull*, 23 id., 345; *Price v. Price*, 16 M. & W., 239. In *Wright v. The First Crockery Ware Co.*, 1 N. H., 281, WOODBURY, J., states the common law rule upon this subject as follows : " If a person sells goods and pays money, and at the same time receives therefor the note of a third person payable to himself, or any note or bill not having the name of the person with whom he deals upon it, it will be presumed to be a sale of the note, and to be in satisfaction, until the contrary appears. The rule is different, however, when such note is received for a precedent debt. But if the creditor receive the note or bill of his debtor, or of a third person indorsed by the debtor, either for a precedent debt or a debt arising at the time, it is not presumed it has been received in satisfaction." The case is approved in the subsequent one of *Jaffrey v. Cornish*, 10 N. H., 505. And see cases cited in note (m), p. 156, 2 Parsons on Notes and Bills. The rule, therefore, being in this state, as

before observed, that the promissory note of the debtor is not, a payment or extinguishment of the debt for money loaned or goods sold, though given at the time, but a concurrent security, which the creditor, when due, has his right of action upon, or upon the original contract, and the plaintiff not relying upon the altered note as the foundation of the right of recovery, but resorting to her remedy on the other counts, why should she not recover the money actually loaned the defendant? Why should the alteration of the note be attended with any such destructive consequences as the forfeiture of the money actually loaned?

The counsel for the defendant says there never was any right of action except upon the note. But this is assuming the point in controversy. It is well to remember that the note does not show the real terms of the loan, according to the concessions of counsel on both sides. When the note was signed by defendant, it drew interest at twelve per cent. But in his letter of the 10th of June, 1867, on returning the note to the plaintiff, he says: "The rate is too high; there is plenty of money here at ten per cent. I will take it at that if you see fit." This was a modification of the terms of the loan, and shows that the real contract is not embodied in the note. The note, however, became void in consequence of the alteration, and of itself cannot be the foundation of a recovery in any form of action. But the debt for the money loaned still exists. Prof. Parsons states the effects of an alteration of a note as follows: "An alteration by the original payee of a note, or by the drawer or payee of a bill, if not fraudulent, although it avoids the instrument and so destroys their claim under it, may still remit them to their original consideration, and revive their claim under it." 2 Parsons on Notes and Bills, p. 571. Chitty says: "The material alteration, as in the case of subsequent usury, does not extinguish the *prior* debt; and between the original parties the original debt or consideration is recoverable upon adducing their evidence in proof thereof." Chitty on

Bills, 212. See *Atkinson v. Hawdon*, 29 Eng. C. L., 169; *Alves v. Hodgson*, 7 Term, 241; *Farr v. Price*, 1 East, 55, note (a), p. 58; *Steele v. Norton*, 9 M. & W., 309; *Sutton v. Toomer*, 14 Eng. C. L., 66; *Sloman v. Cox*, 1 C., M. & R., 471; *Morrison v. Welty*, 18 Md., 169; *Clute v. Small*, 17 Wend., 238. Even in the celebrated case of *Master v. Miller*, 4 Term, 320, which was an action by indorsers against the acceptor of a bill of exchange, where the date of the bill had been altered after acceptance, Lord KENYON, C. J., opens his opinion as follows: " The question is not whether or not another action may not be framed to give the plaintiffs some remedy, but whether this action can be sustained by these parties on this instrument,— for the instrument is the only means by which they can derive a right of action. The right of action which subsisted in favor of Wilkinson and Cooke could not be transferred to the plaintiffs in any other mode than this, inasmuch as a chose in action is not assignable at law." But the implication is that Wilkinson and Cooke might have recovered on the money counts, if they had brought the action; and Mr. Justice BULLER is astonished " that a jury of merchants should hesitate a moment in finding a verdict generally for the plaintiffs." Smith's Leading Cases, vol. 1, part 2, p. 1141. And we think the better authority is, that " an unauthorized alteration of the note works no forfeiture of the debt, so that there can be no recovery by the party making such alteration, for the original consideration for which the obligation was given;" and that this rule necessarily results from our decisions that the taking of the note of the debtor is not a payment or extinguishment of the demand for which it is given. Courts have sometimes treated the subject as though there were some uncompromising principle of public policy involved, which prohibited all recovery by the party making the alteration. But the effect of an alteration has frequently been obviated in England since the adoption of the rules of H. 4, W. 4, as will be seen in *Sibley v. Fisher*, 7 A. & E., 444; *Hemming v. Trenery*, 9 id., 926; *Mason*

*v. Bradley* 11 M. & W., 590; *Davidson v. Cooper*, id., 778, and *Parry v. Nicholson*, 13 id., 778; from which it is apparent that the courts in that country do not so regard the matter.

The alteration of a promissory note is not to be visited with the same consequences in respect to a right of action on the original debt, as a note given on a usurious loan. For in the latter case the contract for the loan is void, and all securities given for it are void. There is no valid obligation or demand which the creditor can recover upon, since the statute condemns all usurious loans and all securities tainted with usury. The distinction between such a case and the one under consideration is very marked, and need not be dwelt upon.

It follows from these views that the judgment of the circuit court must be affirmed.

*By the Court.* — Judgment affirmed.