## ANN AMES *vs*. ANNA M. BROWN & Husband.

### October 21, 1875.

**Alteration of Deed by Stranger.**—An alteration, even though material, of a deed by a stranger, without the privity, knowledge, or consent of the party interested, will not render it void.

**Same—Correction by Scrivener of an Error made by him in a Deed.**—G. & Co. were agents of S., with authority only to loan money on note and mortgage,

and to hold the securities so taken subject to the order of their principal. Plaintiff agreed with them as such agents for a loan, to be secured by a mortgage on certain land to her belonging, in section 5, etc., and employed one S. C. G., a member of the firm, to draft such mortgage. In doing so he misdescribed the premises as being in section 25, and the mortgage was executed in ignorance of such mistake. Afterwards the scrivener corrected the mistake without the consent or knowledge of any of the parties to the mortgage. *Held*, that the scrivener was a mere stranger, and his act in altering the mortgage did not affect it so as to prevent its reformation by the court.

Plaintiff brought this action in June, 1874, in the court of common pleas of Hennepin county, praying that a certain mortgage from herself to one Spencer, together with the sheriff's certificate of sale to Spencer, on foreclosure of the mortgage, and the assignment of such certificate from Spencer to the defendant, Anna Maria Brown, might be adjudged null and void, that the sale be set aside, and the mortgage, certificate and assignment might be cancelled of record as a cloud upon her title. The ground on which this relief was asked was that the number of the section in the description of premises contained in the mortgage was inserted after it had been executed and delivered by plaintiff.

The action was tried before *Young*, J., who found the facts, in substance, as follows: On March 31, 1868, plaintiff was owner in fee of the land in section 5, described in the complaint, and Gale & Co. were agents for lending money for Spencer and for other persons. On that day plaintiff applied to Gale & Co. for a loan of $200.00, which was made to her of the money of Spencer, and to secure which she gave the joint note of herself and son, and proposed to give a mortgage on said land, and employed S. C. Gale, one of said firm of Gale & Co., to draw said mortgage, and paid him therefor $3.00, which he retained out of the sum lent. In drawing the mortgage, S. C. Gale, by mistake, inserted in it, as the number of the section, 25 instead of 5, as intended. Neither Gale nor plaintiff noticed the error, and the mortgage, as drawn, was executed, acknowledged and recorded. After the mortgage had been recorded and returned to Gale & Co., the error was discovered by S. C.

Gale, who, without notifying or consulting with either the mortgagor or mortgagee, altered the mortgage by correcting the mistake, and procured the mortgage, as altered, to be recorded on April 22, 1868. The mortgage was afterwards foreclosed by advertisement, and the land in section 5, described in the complaint, and in the mortgage as altered, was sold on May 10, 1873, to Spencer, who received the usual sheriff's certificate, which was duly recorded, and which, on January 24, 1874, he assigned, together with the mortgage, the note, the mortgage debt and the land, to the defendant, Anna M. Brown. The land was never redeemed from the sale. The note and mortgage remained in possession of Gale & Co., as Spencer's agents, till after the foreclosure, and Spencer was never informed and never knew of the alteration. At the time of the alteration S. C. Gale was not the agent of Spencer for the purpose of altering the mortgage, or for any other purpose in relation thereto, except that Gale & Co. held it subject to Spencer's order, their authority extending only to the lending of the money and taking of the security. At the time of the alteration Spencer did not know of the existence of the mortgage.

As conclusions of law, the court found that the foreclosure was void; that defendant, Anna M. Brown, was the owner of the note and of all Spencer's equities in respect of the mortgage and the land intended to be mortgaged; that the alteration by Gale did not destroy Spencer's equitable right to a reformation of the mortgage, and that the defendant, Anna M. Brown, was entitled to the relief prayed in her answer, viz., the reformation of the mortgage and the foreclosure thereof as reformed. Judgment was entered accordingly, and plaintiff appealed.

*Pierce & Farmer,* for appellant.

*Beebe & Shaw,* for respondent.

CORNELL, J. The modern rule is well settled that an alteration of a deed or written instrument, even though in a material part, by a mere stranger, without the privity,

knowledge, or consent of the party interested, will not render it void. *Waring* v. *Smyth*, 2 Barb. Ch. 119, and note. In this case no privity existed between Spencer, the mortgagee, and S. C. Gale, who made the alteration for the sole purpose of conforming the mortgage to the intention of the parties, and to correct a mistake which he, as the scrivener of the mortgagor, had committed in drawing it, and which he innocently supposed he had the right to do.    1 Greenl. Ev. § 189.    That such alteration was never made by the procurement, consent, or knowledge of Spencer is fully established as a fact by the finding of the court.    Hence what, in the absence of such finding, would be the presumption growing out of the relation of principal and agent between Spencer and Gale & Co., of which firm S. C. Gale was a member, is a matter of no importance.    But the special character of the agency of Gale & Co. gave them no authority to tamper with the security of their principal, or to destroy it, much less could any such authority be claimed in favor of any individual member of the firm.    Their custody of the paper, for a specific purpose, cannot be deemed such a possession by the principal as would charge him with any knowledge of, and presumed assent to, their unauthorized and illegal acts, and make him responsible for their consequences.    *U. S.* v. *Hatch*, 1 Paine, (C. Ct.,) 336.    It follows that S. C. Gale must be regarded as a stranger, whose unauthorized act in altering the mortgage in no way affected the legal or equitable rights of the mortgagee or his assignees.

But for such alteration, it is not denied that the judgment of the court below, ordering a reformation and foreclosure of the mortgage, is fully sustained by its findings.    Defendants seek no benefit or advantage by reason of the unauthorized alteration and void foreclosure, but simply ask that their equitable lien upon the premises be made effectual by a reformation of the mortgage to correspond with the actual agreement and intention of the original parties, and its foreclosure as so reformed.    To deny this relief, and at the

same time destroy the equitable security, at the instance of the party who gave it, because her scrivener, in attempting to correct his own mistake, did what it was clearly her duty to do on request, and what a court would compel her to do in case of refusal, would be grossly inequitable, and a most flagrant perversion of the principles of equity jurisprudence to purposes of wrong and injustice.

Judgment affirmed.