## ECKERT & WILLIAMS V. PICKEL.

1. **Practice:** CERTIFYING QUESTIONS IN CASES INVOLVING LESS THAN $100. In cases involving less than $100, the statute does not contemplate that *abstract* questions of law shall be certified to this court, but such questions only as are decisive of the case; and such only will be considered.

2. **Promissory note:** AVOIDED BY INNOCENT ALTERATION: NEW ACTION FOR ORIGINAL CONSIDERATION: RETURN OF VOID NOTE: FORMER ADJUDICATION. Where, in an action on a promissory note, the defendant alleges as his defense that the note was *fraudulently* altered in a material point after delivery without the knowledge or consent of the maker, *held*.

   1st. That the material alteration, though innocently made, was sufficient to avoid the note, and that the allegation of fraud was neither necessary nor material.

   2d. That a general verdict and judgment for defendant on the issue made by such answer were not an adjudication that the alteration of the note was *fraudulently* made.

   3d. That such verdict and judgment were not a bar to a subsequent action for the consideration for which the note was given.

   4th. That such subsequent suit could be maintained without returning or offering to return the void note.

*Appeal from Worth Circuit Court.*

THURSDAY, OCTOBER 19.

THIS is an action to recover part of the purchase price of a grain seeder which the defendant bought of one Sheldon, who sold the same as the agent of P. P. Mast & Co. Two promissory notes in the sum of forty dollars each were given for the seeder, payable on the first day of October 1877 and 1878 respectively. The notes were indorsed to P. P. Mast & Co., and the one which became due October 1, 1877, was paid.

Suit was brought upon the other note, and the defendant set up as a defense that the note had been fraudulently altered by changing the time of payment from 1878 to 1876. There was a trial by jury on that issue and a verdict was returned for the defendant.

Afterwards P. P. Mast & Co. assigned the claim and cause
of action for the purchase-price of the seeder to Eckert &
Williams, and they brought this action to recover the same,
and they allege that the note was altered innocently, and
without any fraudulent intent. The defense relied upon was
that, as it had been adjudged in the former action that the
note had been fraudulently altered, no recovery could be had
for the consideration for which the note was given. There
was a trial by jury and verdict and judgment for the plaint-
iffs. Defendant appeals.

*Miller & Cligett*, for appellant.

*Pickering & Hartley*, and *L. S. Butler*, for appellees.

ROTHROCK, J.—I. The controversy involves less than
$100, and the trial judge has certified to us certain questions
of law which he states it is desirable shall be determined by
this court. They are as follows:

1. "Where, in an action on a promissory note the defend-
ant in his answer alleges, as a defense, that the note was
fraudulently altered after delivery, without the knowledge or
consent of the maker, and a general verdict and judgment
are rendered for defendant in that case, will this judgment
and adjudication be a bar to an action for the consideration
for which the note found void was made?

"2. When, in an action on a promissory note, judgment is
rendered for defendant in consequence of a material alteration
of the note, and an action is commenced against the maker
of the note for the consideration for which the note was given,
and in this action the defendant alleges as a defense that the
note that was given for the claim was fraudulently altered, is
the burden of proof on plaintiff to show that the alteration
was made in good faith, or upon defendant to show that the
alteration was fraudulent?

"3. Where, in defense to an action on a promissory note,
defendant alleges in his answer that the note was fraudulently

altered after its execution without the knowledge or consent of defendant, and a general verdict and judgment are in favor of defendant; are such verdict and judgment an adjudication that the alteration of the note was fraudulent?

"4. If in a suit on a promissory note against the maker the same is adjudged void on the ground of a material alteration, can the holder of said note maintain a suit on the original consideration of the note, without returning, or offering to return, said note?

"5. When, in an action on a promissory note, the answer alleges that the note has been altered after its execution in a material matter, is the further allegation that said alteration was fraudulently made a necessary or material alteration?

"ROBERT G. REINEGER, *Judge.*

"Dated April 14, A. D. 1882."

The second question above set out we do not feel called upon to determine. The verdict and judgment were for the plaintiff, and the court instructed the jury that the burden was on the plaintiff to show that the note was not fraudulently altered. Whether this was right or wrong, it cannot affect the case. The defendant cannot complain because the instruction was favorable to him, and if we were to hold that the burden of proof was upon him, it would not reverse the case. The statute does not contemplate that abstract questions of law shall be certified to this court. Only such questions as are decisive of the case should be certified.

II. The first, third and fifth certified questions involve the real point in controversy in the case, and they may be considered together. They involve but the one question, which is, whether or not the cause of action upon the consideration for which the note was given, was adjudicated in the action upon the note.

This court has adopted the rule that any material alteration of a promissory note by the holder thereof avoids the note, and no action can be maintained thereon, even though the alteration be made innocently, and without any fraudu-

lent intent. *Murray v. Graham,* 29 Iowa, 520; *Kranse v. Meyer,* 32 Id., 566; *Morrison Bros., v. Huggins,* 53 Id., 76. An examination of the case of *Robinson v. Reed,* 46 Id., 219, will show that, while it is there said that a material alteration with a fraudulent intent will defeat a recovery on the note, it is not determined that it is necessary to show that the intent was fraudulent. The question here presented was not in that case. And some of the above cited cases hold that a material alteration so made will destroy the note, but leave the party to recover upon the original consideration. The alteration in this case was a material one. It changed the time of payment of the note two years.

It is claimed by counsel for the defendant that, because the answer in the suit upon the note charged that the alteration was fraudulently made, no recovery can be had in this action, for the reason that the issue of fraud was made and determined in the former action; and this is the controlling question in the case.

The rule that what has once been judicially determined shall not again be made the subject of judicial controversy, or that a person shall not be twice vexed for the same cause, is not of easy application in practice. The difficulty lies chiefly in determining whether or not the matter in dispute was decided in the former action. As has been seen, it was not a material question in the former action whether or not the note was fraudulently altered. It was not necessary, in order to sustain the plea of alteration, that it should have been shown that there was any fraudulent purpose in making the alteration. Indeed, the defendant could, and we must presume he did, stand upon his legal right, and claim his discharge from the mere fact of alteration, and we must further presume that the court instructed the jury that the question of fraud was not material. In this view of the case, the character of the action in regard to fraud was neither put in issue nor was it determined in the former case. If the court instructed the jury that it was necessary to find that the al-

teration was fraudulent, the instruction was wrong, and we will not presume that such an instruction was given, but rather presume that the instructions were correct expositions of the law.    And this rule we think is not contrary to any adjudged case which has been cited by counsel, nor to any case which we have been able to find in quite an extensive search made for that purpose.    In order to constitute a former adjudication, it must affirmatively appear that the matter in dispute was put in issue and tried.    In *Schmidt v. Zahnesdorf*, 30 Iowa, 498, the action was for the recovery of real property, and for rents and profits.    The court below decided that the plaintiff was entitled to the property, but, as no evidence was introduced as to the value of the rents and profits, the judgment did not cover that issue.    It was held on appeal that this was erroneous, because, as the claim was embraced in the issues and not withdrawn, but submitted to the court, it was the right of the defendant to have it determined, and not to be called upon again to defend against it.    In the case of the *Packet Co. v. Sickles*, 5 Wall., 580, it is said: "As we understand the rule in respect to the conclusiveness of the verdict and judgment in a former trial between the same parties, when the judgment is used in pleading as a technical estoppel, or is relied on by way of evidence as conclusive *per se*, it must appear by the record of the prior suit that the particular controversy sought to be concluded was necessarily tried and determined; that is, if the record of the former trial shows that the verdict could not have been rendered without deciding the particular matter, it will be considerd as having settled that matter as to all future actions between the parties    *    *    *."    In the dissenting opinion in that case it is said:  "The rule, as I understand it, is that to render such former judgment conclusive it is only necessary to show that the same matter might have been decided, and actually was decided."    Again it has been said that "not only is the judgment of a court conclusive on all questions actually and formally litigated, but likewise as to all ques-

tions within the issue joined and the determination of which is necessarily included in the judgment." Wells on Res Adjudicata, section 217.

The record in the former suit, as we have seen, did not necessarily require the question of fraud to be determined, and it could not have been determined without the trial of an immaterial issue. Our conclusion is that the question now under consideration should be answered in the negative, and as the instructions of the court to the jury are in accord with our views herein expressed, we find no error therein.

III. As to the fourth question certified, we think it should be answered in the affirmative. The note had been adjudged void. The adjudication was a complete protection to the defendant against any attempt to enforce the note. Besides, it is questionable whether, if such defense had been available, it should not have been set up by way of answer, demurrer or motion, in arrest of judgment.

AFFIRMED.