LAURA E. RUSSELL *vs.* WILLIAM B. REED.

February 1, 1887.

**Alteration of Mortgage after Execution.**—An unauthorized and material alteration of a mortgage by the mortgagee, or with his privity, after the execution thereof, is presumptively fraudulent, and vitiates the instrument.

**Same—Findings held Insufficient.**—Findings of fact in the case *held* insufficient to warrant the judgment ordered by the court.

After the decision of a former appeal, (reported 32 Minn. 45,) this action was again tried in the district court for McLeod county before *Macdonald*, J., and the same special questions as before were submitted to the jury, with the same result as on the former trial. Judgment was ordered for plaintiff, a new trial was refused, and the defendant appealed.

*Stringer & Seymour*, for appellant.

*Peck & Brown*, for respondent.

VANDERBURGH, J. This is an action in equity, brought for a perpetual injunction to restrain the foreclosure of a mortgage, on the ground of an alleged fraudulent alteration thereof by the defendant. There were special findings of fact by a jury, upon which judgment was ordered by the court in plaintiff's favor, and from a subsequent order denying a new trial defendant appeals.

As respects the alteration of the instrument, the jury find that it was changed, and the amount secured materially increased, after the execution thereof, without the consent of the plaintiff, and that it was given to secure $1,700, evidenced by four notes. But it is not found by whom the alteration was made, nor by whom the notes, which are not described, were executed. These findings are, however, supplemented by further findings by the court, to wit, "that the plaintiff's allegation that the mortgage in controversy was fraudulently altered and changed by defendant is not sustained by the evidence, and is not true." The negation of this allegation of the complaint of course adds nothing to plaintiff's case, and there are no other findings on the subject. The theory of the court, as stated in its decision, (but not properly part of the findings,) is that the defendant altered the mortgage through an honest mistake of his legal right to do so. But such a state of facts is not within the issues, and is not supported by any evidence in the case. The complaint alleges that the plaintiff and her husband executed the mortgage in question to secure four promissory notes, and that the defendant fraudulently altered it "by adding two other notes, of about $400 each; thereby increasing the indebtedness secured by said mortgage about $800." The answer, denying inconsistent allegations, states that the plaintiff executed the six promissory notes therein specifically described, and which were also inserted in the mortgage, and no others, and that the mortgage was given to secure such notes, and was not in any particular altered by the defendant or any one after it was executed.

It was important that these issues should be passed on by the trial court, and that the facts embraced therein should be specifically found under the evidence in the case. It is manifest that no satis-

factory disposition of the case can be made upon the findings as
they stand.   For aught that appears thereby, the alleged alteration
may have been made by a stranger; and, if so made, without the
privity of the defendant, would be spoliation merely, and would not
deprive the defendant of his right to have the instrument restored
and enforced as originally executed.   *Ames* v. *Brown*, 22 Minn. 257.

But the unauthorized and material alteration of a mortgage by the
mortgagee, or with his privity, after execution, unexplained, is pre-
sumptively fraudulent, and vitiates the instrument.   It is a lien only,
and not a conveyance of the title.   It remains executory until fore-
closure, and, like other contracts, its enforcement may be defeated
by such alteration.   *Waring* v. *Smyth*, 2 Barb. Ch. 119, (47 Am.
Dec. 299;) *Marcy* v. *Dunlap*, 5 Lans. 365; *Meyer* v. *Huneke*, 55 N.
Y. 412.

The case went to trial, without objection, upon the issues as made
by the pleadings as they stand, embracing the merits of the contro-
versy between the parties.   It was too late, after the trial, to insist
that the complaint is insufficient for lack of an offer to pay the orig-
inal consideration secured by the mortgage; and it will be time enough
to determine upon what conditions the court will render a decree in
plaintiff's favor when the facts are ascertained and found.

The judgment ordered is not warranted by the facts found, and
there must be a new trial.

Order reversed.


GILFILLAN, C. J., and MITCHELL, J., (*concurring.*)   We concur in
the result, but place it upon the broad ground that, assuming that
the jury had found that the mortgage was altered by *defendant*, there
is no evidence reasonably tending to support any such verdict.   When
the testimony in behalf of defendant is carefully analyzed in the
light of certain undisputed facts in regard to the transaction, it is, in
our opinion, perfectly apparent that the mortgage was not materially
altered after execution by any one.   We think it would be a travesty
on justice to permit this verdict to stand.