WARDER, BUSHNELL & GLESSNER COMPANY *vs.* W. J. WILLYARD.

July 10, 1891.

**Trial—Admissions in Pleading.**—Admissions found in an unauthorized pleading filed in justice's court may be considered and treated by the court in the nature of formal admissions made by the party upon the trial of the cause.

**Evidence of Debt — Fraudulent Alteration by Holder—Debt Extinguished.**—Where the holder of written security or evidence of a debt has altered or changed the instrument in a material part, to his own advantage and with intent to defraud his debtor, a recovery will not be permitted in any form of action. The fraudulent alteration of the instrument extinguishes the debt which it secured or evidenced.

**Same—Presumption of Fraud—Burden of Proof.**—Where an action is brought as on the original indebtedness in such a case, the alteration of the written security or evidence of the debt is presumed fraudulent, and the burden of proof is upon the plaintiff to show that there was no fraudulent intent when the alteration was made.

Appeal by defendant from a judgment (of $73.95) of the district court for Rock county, where the action (an appeal from justice's court on questions of law alone) was tried by *Perkins*, J.

*P. E. Brown*, for appellant.

*E. H. Canfield* and *A. J. Daley*, for respondent.

COLLINS, J. This was an action originally brought in justice's court, to recover the sum of $40 alleged to have become due on November 1, 1889, as an instalment of the agreed price of a harvest-

ing-machine sold and delivered by plaintiffs to defendant. The latter, by his answer, admitted the sale and delivery, but averred that, in accordance with the terms therewith, he executed and delivered to the plaintiffs his three negotiable promissory notes, each payable to their order, aggregating in amount the stipulated price of the machine; one of the same being for $40, maturing November 1, 1889, and having been given for the identical instalment to recover which the action had been instituted. He further alleged that, after the making and delivery of said note, the plaintiffs, without the knowledge or consent of defendant, wilfully and fraudulently altered the note by changing the amount of the same from $40 to $45. On these pleadings the parties proceeded to trial, although the plaintiffs made and filed a so-called reply, in which the execution, delivery, and alteration of the note, for $40 were admitted. It was further averred therein that the alteration was not wilful or fraudulent, and that it was made without plaintiffs' knowledge or consent. The plaintiffs had a judgment, from which an appeal on questions of law alone was taken to the district court, all of the proceedings and the evidence being returned. The appeal here is from a judgment in plaintiffs' favor in the last-named tribunal.

1. The paper styled a "reply" was unauthorized as a pleading in the case, and, as such, must be treated as a nullity. The statute (Gen. St. 1878, c. 65, § 28) authorizes a reply in justice's court only when a counterclaim is set up in the answer. But it was filed by the plaintiffs without objection from the defendant, and beyond a doubt was considered by the parties and the justice as properly in the case. In the district court it was not regarded as a reply, but its contents were treated as in the nature of formal admissions made by the plaintiffs upon the trial, and this view of the effect of the paper was not erroneous.

2. As the plaintiffs could not maintain an action upon the materially-altered promissory note, they were compelled to resort to the original consideration as a foundation for their claim; and the question then arose, and is now presented, of their right to recover on the indebtedness for which the note was given. From an examination of the authorities, it appears to be well settled that a recovery is not

permitted, in any form of action, where the holder of a written se-curity or evidence of a debt has altered or changed the instrument in a material part, to his own advantage and with intent to defraud his debtor. The law is stated to be that, when the holder of a bill or note fraudulently alters its legal effect, he not only destroys the instrument by thus destroying its legal identity, but he also extinguishes the debt for which it was executed and delivered. Daniel, Neg. Inst. § 1410*a;* Rand. Com. Paper, § 1763; Chalm. Dig. Bills & N. art. 249; Chit. Bills, 100*q,* and cases cited in each of these volumes. We find but one well-considered and fairly recent case to the contrary. *Matteson* v. *Ellsworth,* (1873,) 33 Wis. 488. It is said that the policy of the rule which forbids a recovery upon an instrument which has been fraudulently and materially altered is to prevent the perpetration of fraud; and it is very obvious that, if the guilty party may thereafter recover as on the original debt, the rule itself would be defeated. If a party can be allowed to take the chances of success by fraudulently altering the written obligation of a debtor, without risk of loss in case of discovery, frauds of this description would be greatly encouraged. The law has therefore imposed upon a party who fraudulently tampers with an instrument given to evidence or to secure an indebtedness, in any material particular, the forfeiture and absolute loss of the debt itself, upon the principle that "no man should be permitted to take the chances of gain by the commission of a fraud, without running the risk of loss, in case of detection." Indeed, it has been held that when the alteration was a material one, not only was the instrument avoided, but the original consideration forfeited, without inquiry as to the intent. Daniel, Neg. Inst. § 1411, and cases cited.

3. It stood admitted by plaintiffs, by means of the paper filed by them styled the "reply," that the note had been materially changed and altered after its execution and delivery. The defendant testified fully as to the alteration, so that the fact was conclusively established upon the trial, and the court could not have found to the contrary. This brings us to a consideration as to where the burden of proof was on the question of the character and intent of the alteration. The plaintiffs asserted, in connection with their admissions, that the

change was not wilful or fraudulent, and that it was made without their knowledge or consent, but they gave no testimony and offered no explanation upon this feature of the case.   We are very clearly of the opinion that, if the alteration of the instrument be a material one, it is presumed to have been fraudulently made, and it is incumbent upon the holder to explain it.   The act is apparently fraudulent. It is wrongful, and naturally indicates a wrongful intent which requires an explanation to excuse it.   The holder of a note or bill which has been altered in a material part must be required to show that the change was made innocently, or for a proper purpose, or by a stranger, or it would follow that, when the most glaring forgeries have been committed by alterations of negotiable instruments, the maker or the party sought to be charged would have to discover the fraudulent motive of the forger, and establish it by proof.   The party in default, and who ordinarily must have knowledge of all the circumstances attending the alteration, must bear the burden of explaining it, and of extricating himself.   Daniel, Neg. Inst. §§ 1412, 1413, and Rand. Com. Paper, § 1785, with cases cited; *Milbery* v. *Storer*, 75 Me. 69; *Croswell* v. *Labree*, 81 Me. 44; *Robinson* v. *Reed*, 46 Iowa, 219.

After the instrument in question passed from defendant's hands into plaintiffs' actual or constructive possession, a material alteration was made by increasing the amount thereof.   Admitting all this, and at the same time asserting that the change was not wilful or fraudulent, and was without their knowledge or consent, the plaintiffs made no effort to explain the circumstances, or to show the facts, of which they must have been cognizant.   The alteration itself was *prima facie* evidence of a fraudulent intent, and the *onus* then rested upon the plaintiffs to repel and overthrow this proof of such intent. It has already been held by this court that the unauthorized and material alteration of a mortgage by the mortgagee or with his privity, after execution, unexplained, is presumptively fraudulent, and vitiates the instrument.   *Russell* v. *Reed*, 36 Minn. 376, (31 N. W. Rep. 452.)

Judgment reversed.