ACME HARVESTER CO v. BUTTERFIELD *et al.*

1. An unauthorized change in a note of the place of payment by the payee's clerk, subsequently erased, leaving note as in the first place, will not prevent recovery.
2. Demand for payment of note secured by clattel mortgage is not necessary prior to action by the payee to recover possession of the chattels.

(Opinion filed September 2, 1899.)

Appeal from circuit court, Jerauld county. Hon. FRANK B. SMITH, Judge.

Action in claim and delivery. Judgment for plaintiff. Defendants appeal. Affirmed.

*N. J. Dunham,* for appellants.

*John L. Pyle,* for respondent.

HANEY, J. This is an action by a mortgagee to recover possession of mortgaged personal property. The only defense interposed is an alleged alteration of the notes secured by the mortgage. A verdict was directed for plaintiff, and defendants' application for a new trial denied.

These facts are undisputed: Defendants gave plaintiff their notes, secured by a chattel mortgage. When executed, the notes provided for payment at Wessington Springs, S. D. When presented to defendants for payment, a line was drawn through the words "Wessington Springs," and "office of J. T. Kean, Woonsocket," inserted. When introduced in evidence, the latter words were erased, and the notes, as nearly as could be, were restored to their original condition. Each of the defendants testified that the alterations were made after the notes were signed and delivered, and without his consent. The

treasurer of the plaintiff testified that the alterations were made by a clerk, without any authority, and without the knowledge of any officer of the company authorized to make alterations in its paper; that he had control of the company's notes, and knew it could not be possible that the clerk who made the alterations would have received authority from the plaintiff to make them without his knowledge; that as soon as he learned of the alterations he personally restored the notes to their former condition as nearly as possible; that he did this because the changes on the notes as to place of payment were unauthorized by the plaintiff; and that, in restoring the notes to their original condition, he acted on behalf of the plaintiff. No demand of payment was made after the notes were restored. There was no dispute as to the value of the mortgaged property.

The intentional, material alteration of a written contract, by a party entitled to any benefit under it, or with his consent, extinguishes all the executory obligations of the contract, in his favor, against parties who do not consent to the act. Comp, Laws, § 3595. Defendants did not consent to these alterations, but it is shown by the undisputed testimony of the plaintiff's treasurer that such alterations were not consented to or intentionally made by the plaintiff. The notes themselves are conclusive evidence of their restoration. In cases of unauthorized alterations, there is no reason why a party should not be permitted to undo what has been mistakenly done, provided no other person has become so situated towards the instrument that it would operate prejudicially upon him. Daniel, Neg. Inst. § 1414. All the defendants are makers. No demand of payment before suit was necessary; nor have they shown

ability and willingness to pay at the place originally designated in the notes. Comp. Laws, § 4490. The alterations not having been authorized by the plaintiff, they did not extinguish the notes, and, as defendants were not prejudiced thereby, the restoration of the contracts removes all question as to defendants' liability thereon. The judgment is affirmed.