C. MAGUIRE, Appellant, v. FRED EICHMEIER et al.

Alteration of Note once Shown: BURDEN OF PROOF THEREAFTER. Material alterations of a note sued on having been shown, the burden is on plaintiff to show that they were made innocently, by a stranger, or for a proper purpose, although he never attempted to take advantage of the alteration and disclaimed such advantage.

PRESUMPTION OF FRAUD. An alteration of a note increasing the amount for which it is payable is presumed to be fraudulent.

RECOVERY ON ORIGINAL CONSIDERATION. A material and fraudulent alteration of a note prevents a recovery of the consideration for which it was given.

Pleading Alteration of Note: SUFFICIENCY. In an action on a note, the answer alleged that it was materially altered by plaintiff while in his possession, and that by reason thereof it was null and void, and that defendants were not liable thereon, nor for the debt for which it was given. Held, in the absence of attack, to be explicit enough as against a demand for judgment on the pleadings, to present the defense of a material alteration for a fraudulent purpose after note was made.

Appeal from Franklin District Court.—HON. S. M. WEAVER, Judge.

SATURDAY, OCTOBER 14, 1899.

ACTION in equity to recover an amount alleged to be due as rent, and to establish a lien therefor. There was a hearing on the merits, and a judgment for the defendants. The plaintiff appeals.—Affirmed.

*W. D. Evans* for appellant.

*J. H. Scales* for appellees.

ROBINSON, C. J.—The parties admit, or the evidence establishes, the following facts: In May, 1895, the plaintiff executed to the defendants a written lease for a tract of land in Franklin county for the term of three years, at an annual rent of three hundred dollars. The lease recited that the lessees gave three notes, for three hundred dollars each, and provided 'that it should be a lien on all crops and stock, and all other personal property used on the premises, whether exempt from execution or not. Promissory notes were given, as stated in the lease. The petition alleges the execution of the lease, and the provision thereof requiring the payment of three hundred dollars annually, as rent; that three notes were given, each of which represented an annual installment of rent; that one of the notes, for the first installment of rent, was due on the 1st day of October, 1896; that about the 1st day of March, 1897, the defendants obtained possession of that note under pretense of an intention to pay it, and since withheld it from the plaintiff; that no part of the note, nor of the rent for the year for which it was given, has been paid; that the defendants refuse payment, and, as a reason for their refusal, allege and pretend that the note has been materially and fraudulently altered. The petition further alleges that the note has, in some manner unknown to the plaintiff, been mutilated, but that it was not done with the knowledge or consent of the plaintiff, nor was it done with any intent to defraud the defendants or any other person. The petition further alleges that there is due the plaintiff from the defendants for the first annual installment of rent under the lease the sum of three hundred dollars, with interest at eight per cent. per annum from October 1, 1896, and that he is

entitled to a lien therefor upon personal property of the defendants, some of which is exempt. Judgment for the amount stated, for attorney's fees as provided in the note, for costs, and for the establishment of a lien therefor against the property specified, was demanded. The execution of the lease and the making of the notes are admitted. The answer further states that the "defendants admit the alteration of said note mentioned in plaintiff's petition, and further aver that the same was materially altered by plaintiff, or while in his possession, * * * and that by reason of said alteration of said note is null and void, and defendants are neither liable thereon, nor for the inebtedness for which said note was given." The answer also admits that, if the plaintiff is entitled to recover, he is also entitled to a landlord's lien, as asked. In March, 1897, one of the defendants wrote to the plaintiff, who was then at Britt, to send the note in controversy to the Bank of Ackley, where it was made payable, for payment. The plaintiff sent the note, as requested, inclosing it in a letter which stated that the amount, with interest, was three hundred and twelve dollars. When the note was received by the bank, it had been so altered that the cashier supposed it to have been made for five hundred dollars, and he wrote to the plaintiff a letter which contained the following: "Your letter with the Eichmeier note inclosed duly received. But you have evidently made a mistake. You say collect three hundred and twelve dollars, but the note calls for five hundred, and there are no indorsements. Has he paid you anything on this note? Have you not made a mistake? Ought it not be five hundred dollars?" It is not denied that the note was altered after it was made, but the plaintiff claims that it was not altered by him, nor with his knowledge or consent, and that he has not attempted to take advantage of the alteration.

I. The plaintiff argues that he was entitled to a judgment on the pleadings, for the reason that the answer

admits the execution of the lease and the making of the note, and does not allege any defense to the latter. We have set out the portion of the answer which pleads the defense upon which the defendants rely. It is not as full and specific in some respects as it might well have been, but, in the absence of attack, was sufficient to present the claim of the defendants that there was a material alteration of the note after it was made, for a fraudulent purpose.

II. The alterations in question were material, and, having been shown, the burden was on the plaintiff to show that they were made innocently, by a stranger, or for a proper purpose. *Robinson v. Reed,* 46 Iowa, 219; *Shroeder v. Webster,* 88 Iowa, 627, and cases therein cited. The alterations could not have been made inadvertently, nor for any rightful purpose, and the presumption is that they were fraudulent. It is not probable they were made without the knowledge of the plaintiff, and he has failed to give any satisfactory explanation of them, or to show that he is not responsible for them. Since we must conclude that the alterations were not only material, but fraudulent, their effect is to prevent a recovery of the consideration of the note. *Warder, Bushnell & Glessner Co. v. Willyard,* 46 Minn. 531 (49 N. W. Rep. 300); *White v. Hass,* 32 Ala. 430; *Whilmer v. Frye,* 10 Mo. 348; *Martendale v. Follet,* 1 N. H. 95; *Bigelow v. Stilphen,* 35 Vt. 521; *Newell v. Mayberry,* 3 Leigh. 250; 2 Parsons Notes & Bills, 572; Daniel Negotiable Instruments, section 1410a; 3 Randolph Commercial Paper, section 1763; Chalmers Dig. Bills & Notes, article 249; Chitey Bills, 182; 2 Am. & Eng. Enc. Law (2d ed.) 200. Therefore there cannot be a recovery on the lease for the installment of rent for which the note in suit was given. The judgment of the district court appears to be right, and it is AFFIRMED.