PORT HURON ENGINE AND THRESHER CO. V. SHERMAN *et al.*

1.  Comp. Laws, § 3595, provides that the intentional destruction, cancellation, or material alteration of a written contract by a party entitled to any benefit under it, or with his consent, extinguishes all the executory obligations of the contract in his favor against parties who do not consent to the act. A clerk of plaintiff corporation inserted in a note executed by defendant the name of a certain bank as the place of payment, merely as a memorandum, to which it was to be sent for collection. The clerk's duty was to keep a record of plaintiff's notes, but she had no authority to bind the corporation, and no officer authorized to make a binding alteration had any knowledge of the insertion. *Held*, that the insertion did not avoid the note, since it was a mere spoilation by a stranger, and not an alteration.

2.  A clerk in plaintiff's office inserted in a note executed by defendant the name of a certain bank as place of payment, and plaintiff had no knowledge of the change until after the note was forwarded for collection, and a suit was instituted on it. *Held*, that the evidence was not sufficient to show that plaintiff ratified the action of the clerk, hence the insertion did not avoid the note.

3.  Plaintiff's clerk testified that she inserted the name of a bank in a note executed by defendant merely as a memorandum as to where the note was to be sent for collection, and that plaintiff had no knowledge of the alteration, and her testimony was not impeached or contradicted. Defendant resisted payment on the ground that the note was rendered void by the alteration. *Held*, that the contention that it was erroneous to direct a verdict for plaintiff, because the jury might have found that the alteration was made with plaintiff's consent, could not be sustained, since the clerk had no interest in testifying falsely, and the jury would not have been justified in disregarding her unimpeached testimony.

(Opinion filed May 4, 1901.)

Appeal from circuit court, Minnehaha county. HON. JOSEPH W. JONES, Judge.

Action by the Port Huron Engine & Thresher Company against P. F. Sherman and another, upon a promissory note. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

*Kirby, Rochford & McMahon,* for appellants.

An unauthorized alteration by the payee of a promissory note by inserting the place of payment, or by changing the note so as to make it payable at a place other than that which had been designated in the instrument, voids it. Comp. L., Sec. 3595; 2 Dan. Neg. Inst., Sec. 1378; 2 Am.-Eng. Ency. Law, (2 ed) 241.

This is not a case of spoliation of a note by a stranger. The act of respondent's clerk in making the alteration of the note in suit was the act of respondent. By bringing suit upon the note in its altered form the respondent corporation ratified the act of the clerk. It was not necessary to make the alteration the act of respondent that its board of directors by resolution direct that it be made. Bremen Bank v. Umrath, 42 Mo. App., 525; Perkins v. Tillman, 75 N. W. 1098; Bowser v. Cole, 11 S. W. 1131; Bank v. Fricke, 75 Mo. 178; Wyckoff v. Johnson, 2 S. D. 91; Murray v. Graham, 29 Ia. 520; Reid v. Roark, 65 Am. Dec. 127.

The tral court treated the depositions of respondent's clerk as importing absolute verity. She was an interested witness.

While the statute of this state has made both parties to the action, and those in interest, competent as witnesses, it nevertheless does not, as a matter of law, say such witness shall be entitled to any more credibility than formerly. It simply allows the jury, if they see fit, to do that which the law in all cases formerly did namely, to reject the statments of parties in interest: Elwood v. W. U. Trans. Co., 45 N. Y. 549; Kavanaugh v. Wilson, 70 N. Y. 177; Wohlfahrt v. Beckert, 92 N. Y. 491; Kearney v. Mayor, 92 N. Y. 617, 21; Honeggar v. Wettstein, 94 N. Y. 252; Sipple v. State, 99 N. Y.

284, 9; Munoz v. Wilson, 111 N. Y. 300; C. N. Bank v. Diefendorf, 123 N. Y. 200; Volkmar v. M. Ry. Co., 234 N. Y. 416.

*Bailey & Voorhees,* for respondent.

When a change in the wording of an instrument is made by a stranger, it amounts to a spoliation only and not to an alteration, and even if the change be made by an agent of the holder the effect is the same as if it were made by a stranger unless the agent possessed authority to make such change. Brooks v. Allen, 62 Ind. 401; Kingman v. Silvers, 37 N. E. 413; Ames v. Brown, 22 Minn. 257; Nickerson v. Smitt, 735 Mass. 514; White v. Dockin, 49 N. W. 583; Lubbering v. Kohllrecker, 22 Mo. 596; Gigelow v. Stephen, 35 Vt. 521; Langenberger v. Kroeger, 48 Cal. 147.

CORSON, J. This is an action upon a promissory note alleged to have been executed by the defendants to the plaintiff. Verdict and judgment was directed in favor of the plaintiff, and the defefndants appeal. The defendants, in their answer, alleged that, after the execution and delivery of the note set forth in the plaintiff's complaint, the same was materially altered by the plaintiff, without the consent of the defendants, by wrongfully and fraudulently inserting the words, "Sioux Falls National Bank, Sioux Falls, So. Dak." They allege that an action had been previously commenced in the county court of Minnehaha county upon the same note; that in said action the complaint contained a copy of the note, which contained the words above set forth as having been inserted in the note at the time of its execution; that the defendants appeared in said action, the issues therein were determined in favor of the defendants, and a judgment of dismissal was duly entered therein. It appears from the evidence that the note, as originally executed, contained neither the name of the bank at which it was payable, nor the place of payment,

and that the words "Sioux Falls National Bank, Sioux Falls, So. Dak.," were written in with a lead pencil by a clerk in the office of the plaintiff. The note in this condition was forwarded by the plaintiff to its attorneys in Sioux Falls, who, upon the presumption that the names of the bank and city were written in at the time of the note's execution, brought an action in the county court upon it, describing the note as it then appeared; but, upon learning that these words had been inserted after the note's execution, they dismissed the action in the county court, and subsequently commenced the action in the circuit court, giving a copy of the note as originally executed. leaving unfilled the blank for the place of payment. On the trial, after the defendants had proved the alteration of the note, the plaintiff called in rebuttal Messrs. Judge and Voorhees, who were members of the firm of Aikens, Bailey & Voorhees, who were plaintiff's attorneys at the time the action was commenced in the county court, and who testified that at the time that action was so commenced they had no knowledge of any change in the note, but subsequently learned of that fact from Mr. Kirby, one of the defendants' attorneys, and thereupon dismissed the action. The plaintiff further introduced in evidence the deposition of Alice Webster, taken on the part of the plaintiff, who testified, in substance, that she had been in the employ of the plaintiff since January, 1893, as a clerk; that she was employed in the sales and collection department, making records of notes taken in settlement of sales; that in August or September, 1893, she received the note in controversy for entry; that she filled the blank therein by inserting the words given above, merely as a memorandum of where to send the note for collection; that she did not have authority to make similar entries in notes received by her, and was not instructed to write such words in the note in controversy by any person; that there was no other reason why

she wrote such words; that none of the officers had any knowledge of her making this memorandum in this note; that she did not have any conversation with any one about the plaintiff's establishment with regard to this note, and prior to that time had no correspondence with any one in Sioux Falls; that the correspondence with Sioux Falls that year was carried on through the Cedar Rapids office; that she obtained the name of the bank from a bank directory; that she made a memorandum for the sole purpose of showing where the note was to be sent for collection. At the close of all the evidence the plaintiff moved the court to direct a verdict in its favor and against the defendants, for the reason that the facts proved by the defendants did not constitute a defense to the action, and that the alleged alteration was a spoliation only, as it appears that the alleged alteration was an interlineation made for the purpose of memorandum merely, and was made by a stranger to the instrument without the authority or consent of the plaintiff, and for the reason that it appears from the evidence that such interlineation was not made fraudulently or for the purpose of altering the instrument sued upon. This motion was granted.

It is contended on the part of the appellants that the unauthorized alteration by the payee of a promissory note by inserting the name of a bank at which it is payable, or by changing the note so as to make it payable at a place other than that designated in the instrument, avoids it. The section of our Code upon this subject reads as follows: "The intentional destruction, cancellation, or material alteration of a written contract, by a party entitled to any benefit under it, or with his consent, extinguishes all the executory obligations of the contract in his favor; against parties who do not consent to the act." Section 3595, Comp. Laws. It will be noticed that it is only an intentional and material alteration made by a party

or with his consent, that extinguishes the executory obligation of the contract. It will be noticed, also, from the evidence, that it clearly appears that the alteration was not made by the plaintiff, or by any person authorized by the plaintiff to make it; that it was made as memorandum by a clerk without the knowledge or consent of the plaintiff. It was not, therefore, as contended by the appellants, the act of the plaintiff. So far as the alteration was made by the clerk, it comes clearly within the rule of law declaring such an act to be a spoliation by a stranger. It is true the clerk was in the employment of the plaintiff, but her duties were simply to keep a record of the notes and bills payable of the company. So far as the evidence discloses, no officer authorized to bind the corporation knew of the insertion of this memorandum in the note. Nor does it appear that any of the officers of the corporation knew of the alteration in the note at the time it was forwarded to the attorneys for collection, and it is equally clear that neither of the attorneys knew of this change in the note at the time they instituted the suit in the county court; hence there was no ratification of the act of the clerk shown on the part of the plaintiff. This being so, it is difficult to discover any rule of law under which the defendants could avoid the payment of this note. The defendants have cited a number of authorities to support their position, but these authorities go only to the extent of holding that such an alteration, if made with the knowledge or consent of the party claiming under it, or if such party has ratified the act of the stranger after knowledge that the instrument has been altered, avoids the instrument. As we have seen, the evidence in this case does not bring it within the rule. It is contended on the part of the respondent that the uncontradicted evidence in this case shows that the pencil memorandum by the clerk amounted to a spoliation, and not to an alteration, and in this contention we are of the opinion

that the plaintiff is correct. The general rule seems to be that an alteration made in a written instrument by a third party is a mere spoliation, unless it be made by authority or with the consent of the principal who claims under it. Harvester Co. v. Butterfield, 12 S. D. 91, 80 N. W. 170; Brooks v. Allen, 62 Ind. 401; Ames v. Brown, 22 Minn. 257; Kingan v. Silvers, 13 Ind. App. 80, 37 N. E. 413; Machine Co. v. Dakin, 86 Mich. 581, 49 N. W. 583; Lubbering v. Kohlbrecher, 22 Mo. 596; Bigelow v. Stilphen, 35 Vt. 521; Langenberger v. Kroeger, 48 Cal. 147. It cannot be seriously claimed in this case that there was any fraudulent intention on the part of the clerk in inserting this meorandum, as she had no interest in the note, and it is difficult to see in what possible manner she could have been benefited by inserting the words referred to.

But it is further contended on the part of the appellants that the court erred in directing a verdict in this case, for the reason that the jury might have found, under the evidence, that the alteration was made by and with the consent of the plaintiff, or that it ratified the act, knowing that the alteration had been made, as the jury were the exclusive judges of the credit to be given the witnesses and of the weight of the evidence; and they cite a number of decisions of the court of appeals of the state of New York in which the doctrine has been laid down that where a witness, though uncontradicted, is interested in the suit, the jury may disregard the evidence of such witness. In the leading case of Elwood v. Telegraph Co., 45 N. Y. 549, the court of appeals stated the rule as follows: "The general rule is well settled that where unimpeached witnesses testify distinctly and positively to a fact, and are uncontradicted, the jury are not at liberty to discerdit their testimony, when opposed to a mere presumption to the contrary; but this is subject to the exception that where the statements of the witness are grossly improbable, or he

has an interest in the question at issue, courts and juries are not bound to refrain from exercising their judgment, and to blindly adopt the statement of such witnesses." It will thus be seen that the court holds to the general rule, except in very special cases. It would seem from an examination of the decisions cited by the defendants, that the cases in which the exception was applied were extreme cases, where the interest of the party testifying was such that the jury might properly have considered the interest of the witness so great as to affect his testimony. But, assuming that such an exception might, in a proper case, be made by this court, the case now before us would not authorize us to make such an exception. The evidence of the·clerk in this case is not only uncontradicted, but the witness herself is unimpeached, and there does not appear in the case a sufficient motive for her to testify falsely in this matter. Her statement of the manner in which the interlineation was made, and why it was made, is clear and convincing, and she frankly assumed all the responsibility for the act; and while the act was an improper one, there is nothing in her evidence or in the case to indicate that there was any intention of committing any wrong on her part in inserting the words referred to in the instrument. We are of the opinion, therefore, that the court committed no error in directing a verdict in favor of the plaintiff.