BANK OF LAUDERDALE ET AL. *v.* COLE ET AL.

[71 South. 260.]

1. APPEAL AND ERROR. *Scope of review. Conflict in evidence. Alteration of instruments. Material alteration. Consideration. Intent. Effect. Fraud. Pleading.*

The chancellor's finding on conflicting evidence is not open to review on appeal.

2. ALTERATION OF INSTRUMENTS. *Material alteration. Consideration.*

Where notes as originally executed appeared simply to have been given for value received, and as altered, the considerations therefor appear to have been the conveyance of certain land therein

described, thereby becoming evidence of a claim that they were secured by a vendor's lien on the land, such an alteration was material, since the rule is, that an alteration which enlarges the scope of an instrument as a means of evidence is material.

3. ALTERATION OF INSTRUMENTS. *Intent. Effect.*
Where a promissory note after delivery to the payee is materially altered by him without the consent of the maker, with fraudulent intent, neither the original payee or his assignee can recover on either the note or the original indebtedness for which it was given.

4. ALTERATION OF INSTRUMENTS. *Material alteration. Fraud.*
In order for a maker of a note to avail himself of the defense that his note has been materially altered, it must appear that such alteration was made with fraudulent intent.

5. ALTERATION OF INSTRUMENTS. *Fraud. Pleading.*
Where the answer of defendant does not specifically charge that the notes sued on were "fraudulently" altered, but does contain allegations which, if true, disclose that the alteration was made for the purpose of enabling the payee in the note to establish a vendor's lien upon the property sold by him, to defendant in violation of an agreement made at the time of the sale, such alteration sufficiently discloses a fraudulent intent.

APPEAL from the chancery court of Wayne county.

HON. T. A. WOOD, Chancellor.

Suit by the Bank of Lauderdale and others against Mrs. Ruby E. Cole and others; judgment dismissing generally as to plaintiff E. F. Ballard and without prejudice as to plaintiff, R. W. Fagan, and plaintiff's Bank of Lauderdale and E. F. Ballard appeal.

On the 25th day of January, 1908, E. F. Ballard and R. W. Fagan sold to appellee W. J. Cole certain real property, executing a deed thereto at Cole's request to his wife, Mrs. Ruby E. Cole, one of the appellees herein. The consideration expressed in the agreement was four thousand dollars, but the deed contained no recital indicating whether this consideration had been paid. The real consideration was two thousand dollars in stock, par value, of the Waynesboro Brick & Manufacturing Company, and two notes of one thousand dollars each, due one in

two and the other in three years from the dates thereof. The note first to mature was delivered by Ballard, after its indorsement by himself and Fagan, to the appellee Bank of Lauderdale, and upon its maturity, being presented to Cole for payment, he declined so to do; whereupon this suit was instituted upon both notes by the bank, Ballard, and Fagan against W. J. and Mrs. Ruby E. Cole, praying that said notes be decreed to be a lien on the property conveyed by Ballard and Fagan to Mrs. Cole, and that it be sold to satisfy such lien. Appellees by their answer alleged that the vendor's lien had been expressly waived by Ballard and Cole at the time the land was purchased, and that in addition thereto the notes had been materially altered after their execution and without appellees' consent. The cause came on to be heard on bill, answer, and proof; and a decree was entered adjudging that the notes had been materially altered by Ballard without the consent of appellees, but also without the knowledge or consent of Fagan. The bill was dismissed generally in so far as it was predicated upon the note held by Ballard, and without prejudice as to Fagan. The reason the bill was dismissed without prejudice as to Fagan was that the note owned by him had not matured when the suit was instituted, and consequently was held by the court below to have been prematurely brought. From this decree an appeal was prosecuted by the bank and by Ballard, Fagan accepting the decree, and not appealing therefrom. Cole, by his evidence, admitted the execution of the notes, but stated that he declined to purchase the land unless Ballard and Fagan would waive any lien thereon securing the notes, which they expressly agreed to do, accepting as security therefor a number of shares of stock in the Waynesboro Brick & Manufacturing Company; that the note first to mature when signed by him read as follows:

"No.——. Waynesboro, Miss., Jan. 25th, 1908. On or before two years after date, I, we, or either of us promise to pay to the order of E. F. Ballard and R. W. Fagan,

Due ——. One thousand and no/100 dollars, for value received, with interest at the rate of eight per cent per annum after date until paid. And in event default is made in the payment of this note at maturity and it is placed in the hands of an atty. for collection or suit is brought on the same, then an additional amount of ten per cent on the principal and interest of this note shall be added to the same atty's. fees. All signers to this note are principals. Negotiable and payable at the Bank of Waynesboro, Waynesboro, Miss. Address, City. W. J. Cole."

The second note contains identical language, except that it was to mature in three instead of two years after date.

Cole further testified that after the execution thereof, and without his knowledge or consent, these notes were altered by inserting in each between the words, "All signers of this note are principals," and the words, "Negotiable and payable at," etc., the following:

"This note given for the purchase money for the following described property situated in the town of Waynesboro, Miss.: Lot A in block No. 3, fronting one hundred and twenty feet on Chickasahay street and extending back at right angles with said street two hundred and fifty feet, also the east half of lot B in said block 3, fronting on Carr street and courthouse square eighty-seven and one half feet parallel and adjoining to the back line of said Lot A."

This description of the property is identical with that contained in the deed to the land executed by Ballard and Fagan.

According to the evidence of appellants, this was not true, but, on the contrary, it was expressly agreed that purchase-money notes should be executed, secured by a vendor's lien on this land, and that the statement in the notes that they were given for the purchase money of the land therein described was written therein prior to the time of the signing thereof, with the knowledge and con-

sent of Cole; that while a number of shares of stock in the Waynesboro Brick & Manufacturing Company were assigned to Ballard and Fagan as security for these notes, this was done, not because of any waiver of the vendor's lien, but for the reason that they wanted Cole to insure the house on the land payable to them as their interest might appear; this he did not wish to do, but gave them the shares, and they accepted this stock in lieu of such a policy.

*S. A. Witherspoon,* for appellants.

*Baskin & Wilbourn,* for appellees.

SMITH, C. J., delivered the opinion of the court.

(After stating the facts as above). The chancellor's finding that these notes had been altered was made on conflicting evidence, and therefore is not open for review here.

The notes as originally executed appeared simply to have been given for value received; as altered, the consideration therefor appears to have been the conveyance of certain land therein described, thereby becoming evidence of appellants' claim that they were secured by a vendor's lien on the land, and the rule is that an alteration which enlarges the scope of an instrument as a means of evidence is material. *Schmidt* v. *Quinzel,* 55 N. J. Eq. 792, 38 Atl. 665; *Craighead* v. *McLoney,* 99 Pa. 211; *Low* v. *Argrove,* 30 Ga. 129; *Kalteyer* v. *Mitchell,* 110 S. W. 462; *Richardson* v. *Fellner,* 9 Okl. 513, 60 Pac. 270; *Knit* v. *Williams,* 10 East, 431, 103 Reprint, 839.

On the evidence, if these alterations were in fact made, and the chancellor so found, they were manifestly made for the purpose of evidencing the existence of a vendor's lien which in fact had been waived, and were therefore made with a fraudulent intent, from which it necessarily follows that appellants, Bank of Lauderdale and Ballard,

can recover neither on the note sued on by them nor on the original indebtedness for which it was given. 2 C. J. p. 182, section 17; 2 Daniel on Negotiable Instruments (5th Ed.) 431; *Warder* v. *Willyard,* 46 Minn. 531, 49 N. W. 300, 24 Am. St. Rep. 250; *Wheelock* v. *Freeman,* 13 Pick. (Mass.) 165, 23 Am. Dec. 674; *Bank* v. *Dent,* 102 Miss. 463, 59 So. 805.

It is true that the alteration of these notes, in order to be availed of by appellees, must have been made with a fraudulent intent, and also, as pointed out by counsel for appellant, that appellees' answer does not specifically charge that these notes were "fraudulently" altered, but it does contain allegations which, if true, disclose that the alteration was made for the purpose of enabling the payees in the notes to establish a vendor's lien upon the property sold by them to appellees in violation of the agreement made at the time of the sale, thereby sufficiently disclosing the fraudulent intent.

*Affirmed.*