## McCONNON & COMPANY *v.* BROWN.

### Opinion delivered November 30, 1925.

1. PAYMENT—SUFFICIENCY OF ANSWER.—In an action on a written guaranty an answer alleging the execution and delivery of a note by a grantor as payment in full, and that it constituted a new indebtedness in full settlement of the original debt, sufficiently alleges that it was accepted in full satisfaction, as against a demurrer, although subject to a motion to make it more definite and certain.

2. ALTERATION OF INSTRUMENTS—RECOURSE TO ORIGINAL OBLIGATION.—Where a note is executed and accepted in discharge of an antecedent obligation, a material alteration thereof destroying the validity of the note will not bar a right of action on the original obligation unless the alteration was made with fraudulent intent.

Appeal from Woodruff Circuit Court, Southern District; *E. D. Robertson,* Judge; reversed.

*Cooley, Adams & Fuhr,* for appellant.

*Ross Mathis,* for appellee.

McCULLOCH, C. J. Appellant (a corporation) instituted this action at law against appellee to recover on a written contract of guaranty executed by appellee and another person to appellant, whereby appellee undertook to guarantee the account of one Sarles. Appellee answered, alleging in substance that he and his co-guarantor, Tarkington, had executed to appellant their promissory note for the amount of Sarles' account with appellant, that they had delivered said note to appellant in full satisfaction of the debt, and that appellant had surrendered to them the contract of guaranty; that appel-

lant, or its agent, had materially altered the note, and that, on an action instituted by appellant on the note, there had been a verdict and judgment in favor of appellee. Appellant demurred to the complaint, but the court overruled the demurrer, and appellant refused to proceed further, and suffered final judgment to be rendered against it.

It is first contended that the answer is insufficient because it is not specifically alleged therein that the note executed by appellee and Tarkington was accepted by appellant in full satisfaction of the original debt now sued on. This is important, for, if the note was not accepted in satisfaction of the original debt, there was no extinguishment of the latter, and suit may be maintained thereon, even though the note became void by the alleged alteration. Our conclusion, however, is that the allegations of the answer were sufficient in substance to constitute a charge that the note was accepted in satisfaction of the debt. It is alleged in the answer that the note was executed and delivered to appellant "as payment in full," and that it constituted "a new indebtedness, and was delivered in full settlement of the claim of the appellant," and that the original contract of guaranty was surrendered to appellee. It is a necessary inference from this language that the note was accepted in full, and it constitutes an imperfect allegation to that effect, which should have been met by a motion to make more definite and certain.

It is next contended that the answer is insufficient because it contains no statement that the alleged alteration was fraudulently made. The allegations in the answer on this subject are that, after the execution of said note, appellant instituted an action thereon against defendant, and that at the trial of the action "a verdict in favor of the defendant was rendered by the jury trying said cause for the reason that the said note had been altered after its delivery to the plaintiff by the insertion of a provision binding the defendant to pay interest,

which said alteration was made by the plaintiff or its agent.''

The authorities seem to be unanimous that where a written obligation to pay has been delivered and accepted in discharge of an antecedent debt and is fraudulently altered to a material extent by the obligee, so as to render the obligation void, suit cannot be maintained on the original debt. The reason stated in some of the authorities is that, since the original debt was extinguished by a new and valid obligation and became merged into and extinguished by the new obligation, it cannot be revived by the fraudulent act of the obligee in making a material alteration. The distinction between the effect of an innocent and fraudulent alteration is not recognized in all of the authorities, but we think that, according to the weight of authority, there is such a distinction, and that the true rule is that, unless the alteration was fraudulently made, the obligee is not barred from his right of action on the original debt. Note to *Pollak Bros.* v. *Niall-Herin Co.,* 35 L. R. A. (N. S.) 76, 2 C. J. 1183; *Wheelock* v. *Freeman,* 13 Pick. (Mass.) 165; *Maguire* v. *Eichmeier,* 109 Iowa 301; *Eckert* v. *Pickel,* 59 Iowa 545; *Warder* v. *Willyard,* 46 Minn. 531; *Hocknell* v. *Sheley,* 66 Kas. 357; *White* v. *Hass,* 32 Ala. 430; *Green* v. *Sneed,* 101 Ala. 205.

The trial court should have sustained the demurrer with leave to appellee to amend the answer if so desired.

For the error in overruling the demurrer, the judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion.